Estate of Paeimuai.

## SUPREME COURT—IN BANCO.

### JULY TERM—1869.

*Allen, Ch. J., Hartwell and Austin, J. J.*

### ESTATE OF PAEIMUAI.

PROBATE OF A WILL will not be SET ASIDE after thirteen years, for inconsistencies in the EVIDENCE as recorded, nor for the OMISSION IN THE WILL to provide for or name the testator's widow or infant child, nor FOR WANT OF RECORDED NOTICE to the child of the hearing, as its mother and guardian was present.

HARTWELL, J., delivered the opinion of the Court, as follows:

This case comes up on appeal from the ruling of one of the Justices of this Court, declining to set aside the probate of the will of Paeimuai. The appellant claims as only child and heir of Paeimuai, deceased, whose will was admitted to probate by the late Hon. Lorrin Andrews, in 1854. By this will, all the property of the testator was devised to one Haumea. It is claimed by the appellant, that both the record of the probate of proceedings, as well as the evidence adduced by her at the different hearings upon her petition to set aside the will, show that she was an infant of tender age when the will was offered for probate; that no notice was given to her of said probate proceedings; and that her rights as heir are, therefore, not affected in any manner thereby. Also, that the evidence and record show that the will was obtained by fraud, when the testator was *in articulo mortis*, and too weak to understand the nature of his acts; that the omission to mention the name of the widow or child in a will devising all the property to one not related to the testator, and who was living in adultery with him, is evi-

dence strongly to show fraud, undue influence, or the unsound mind of the testator, and that the failure of the record to show that the legal requisites of the probate of a will under the then existing laws were complied with, is fatal to its validity.

The case was argued at great length, and the appellant's counsel urged upon the Court all the alleged inconsistencies and discrepancies in the evidence for the will, as well as the importance that no remissness of Courts to see that proper notice is given, should affect the rights of minor heirs, not notified or represented. The doctrine of the civil law, and the policy of countries under the common law, as shown in their statutory enactments to regard an omission to provide for, or in some manner, to refer to the immediate heirs of the body as invalidating the will, was urged as the proper doctrine to be established by the Court here; inasmuch as we are at liberty to adopt the doctrines of the civil law, in the absence of statutes. The force of this argument would be great if urged at the time when the will was offered. But we can not regard it as ground for setting aside a will duly admitted to probate, with no appeal therefrom, or other action taken in opposition thereto, for full thirteen years.

It is true that no judgment can affect or conclude the rights of parties who received no actual or constructive notice of the proceedings. The authorities vary upon the question, which was not argued in this case, how far the record should show all the legal requisites, including notice, to give jurisdiction. But the law is everywhere held, that the presumptions are strongly in favor of the entire regularity of the proceedings before Courts, in matters properly cognizable before them, after a long time has elapsed without any expression of dissent. This is particularly the case where the record shows that certain of the formalities were duly complied with; *probatis extremis, præsumuntur media.* [Hart *vs.* Seiyas, 21 Wend., 40.]

It appears by fair inference, in this case, that the widow, who was the petitioner's mother, by attorney, if not in person, was present at the probate of the will, and that subsequently she released her right of dower in the estate, in the consideration of $400; we regard this as sufficient legal notice to the infant in her arms, in the absence of evidence of collusion between the devisee and the widow. The circumstance that the widow had, before her husband's death, been living as another man's paramour, tends to explain the absence of any provision in the will for the benefit of the widow and child.

The power of the Court to set aside a will for the reasons presented in this case, should be exercised only when the facts and evidence appeal forcibly and clearly to the conscience of the Court; we are of opinion that the appellant has not made out a case for the interposition of that power.

Judgment affirmed.

W. C. Jones for appellant; A. F. Judd for appellee.