### G. W. MACFARLANE & CO. *vs.* J. S. McCANDLESS.

#### APPEAL FROM ORDER OF JUDD, C.J.

HEARING, JUNE 18, 1890.   DECISION, SEPTEMBER 4, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

A motion was made to open default. Motion overruled and judgment af-
firmed, after hearing on motion and argument.

Held, that it is a matter of discretion with the Court, and that the hear-
ing on the motion was not an opening of the default.

OPINION OF THE COURT, BY BICKERTON, J.

Judgment was obtained by the plaintiffs in this case on the
21st of November last, defendant not answering, and default
having been granted by the Court. At the close of the Janu-
ary term a motion was made to set aside default, defendant
claiming that service was defective, in that no copy of the pe-
tition and summons was left with him by the officer. After
hearing, the Chief Justice affirmed the judgment, and the mat-
ter now comes here on appeal from that decision.

### By the Court.

The question of discretion of the Court has been passed upon by this Court. "An order opening a default is a matter of discretion and not reviewable, except in a - clear case of abuse." *Bishop vs. Pacific Navigation Co.*, 7 Hawn., 276. "Whether a Justice will re-open a case for a new hearing after his final decree made and not appealed from is a matter of judicial discretion from which appeal does not lie." *Makalei vs. Himeni*, 7 Hawn., 168. The statute makes these matters matters in the discretion of the Court. "The Judge or Court shall have power, however, to open the default in their discretion for good and sufficient reasons." Section 1126, Comp. Laws. But the defendant claims that the Chief Justice opened the default by investigating and examining the case as to the service and the nature of the defense defendant could have availed himself of if he had answered. We do not think this was opening the default, it was only doing what was necessary to be done to enable the Court to see if any injustice was being done the defendant, or if there was any good and sufficient reason why it should exercise its discretion and open the default. The Chief Justice, in his opinion, says: "Having examined this matter fully, I am of opinion that the service was made in all respects as required by law." And, further on, he finds that the defense proposed to be set up, which was in the nature of a set-off, "is an independent matter and ought to be the subject of an independent suit." Consequently the defendant is not deprived of his right to recover on any claim he might have against the plaintiff. The Chief Justice, therefore, found that there was no good and sufficient reason for opening the default, and exercised his discretion in the matter and affirmed the judgment obtained on the default.

The appeal is dismissed, and the judgment of the lower Court affirmed.

### Concurring Opinion of Dole, J.

I have found some difficulty in coming to a conclusion in this cause from the circumstance that the grounds upon which

the Chief Justice bases his refusal to open the default appear
to me to be erroneous. He says: "I was willing to open the
default so far as to see if the defendant had a defense which he
could have availed himself of if he had answered, and to allow
it if of that character. I find that the plaintiff's claim is for
goods sold and delivered—certain iron piping. The defendant's
counterclaim or set-off is for the use of a certain artesian well-
boring rig. I think under our decisions this is not a matter of
set-off, and would not be received as such if the defendant had
answered. The off-set must be of the same kind and denomina-
tion and 'existing in the same right,' to which I can give no
other meaning than that the off-set must arise in some way
from the original transaction between the parties. The use of
the well-boring apparatus is an independent matter, and ought
to be the subject of an independent suit."

This conclusion of law is, I think, a mistake. "A set-off is a
counter-demand which the defendant holds against the plaint-
iff, arising out of a transaction extrinsic to the plaintiff's cause
of action. The right of set-off is very different from a mere
right to reduce or defeat the plaintiff's demand on account of
some matter connected therewith." Waterman on Set-off, Sec-
tions 2 and 3, and *Avery vs. Brown*, 31 Conn., 398.

Now, if the refusal to re-open the default was based upon a
wrong conclusion of law, would that fact affect such refusal?
By our statute the opening of a default is a matter of discretion
with the Court. Generally rulings in matters of discretion are
not appealable. *Bolles vs. Padeken*, 3 Hawn., 664.

In the cause of *Polhemus vs. Ann Arbor Bank*, (27 Mich., 44),
which was an appeal upon a writ of error, a similar question
was in issue. The lower court refused to allow an amendment
to the pleadings upon the ground that it had no power to allow
it, which was a mistake in law, for the granting of an amend-
ment was a matter of discretion with the Court. The appellate
court went somewhat exhaustively into the question whether
"the ground on which the (lower) court placed the denial of
the motion (could) be so separated from the denial itself as to
present a case entitled to review on writ of error when other-

wise none would exist," and decided that it could not. They say, "the true subject of complaint by the plaintiff in error on this record is the final result of his motion, and not the peculiar view of the Court which led to it." And again, "The objection then must be considered as founded on the refusal of the motion, and not on the motive which led to that refusal." The reasoning of the decision applies as well to ordinary appeals in our courts as to writs of error in Michigan. This conclusion is supported by the cause of *United States vs. Buford*, 3 Peters, 30, in which the Court say: "This Court has repeatedly decided that the exercise of the discretion of the Court below, in refusing or granting amendments of pleadings or motions for new trials, affords no ground for a writ of error. In overruling the motion for leave to withdraw the replication and file a new one, the Court exercised its discretion, and the reason assigned (which the plaintiff claimed to be erroneous) as influencing that discretion, cannot affect the decision."

Following these authorities I am led to the conclusion that the refusal of the Court below to open the default, being within the discretion of the Court, is not affected by the reasons which led to the decision, and is not a matter of review by this Court. I therefore concur with the decision of the Court, that the appeal be dismissed.

*C. L. Carter* and *P. Neumann*, for plaintiff.

*V. V. Ashford*, for defendant.