WAILUU KEKAULA (w.) *vs.* S. M. KAAUKAI.

EXCEPTIONS TO THE RULING OF JUDGE COOPER, CIRCUIT COURT
OF THE FIRST CIRCUIT.

HEARING, JUNE 19, 1894.            DECISION, JUNE 27, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Court will not order a default set aside, and a case re-opened for a
rehearing, where it does not appear that there has been a clear
case of abuse of discretion by the court.

OPINION OF THE COURT, BY BICKERTON, J.

This case was brought in the District Court of Honolulu,
and judgment in default was entered in favor of the plaintiff;
a few days afterwards defendant moved the court to set aside
the default and re-open the case, based on the following
affidavit :

"Now comes S. M. Kaaukai the defendant, and on oath
deposes and says that he is the defendant in the above cause ;
that on Friday afternoon last when the case was tried, he was
notified that it was a holiday and that no business would be
done in the afternoon of said day in the government offices,
and the front door of the court room was shut, so the
defendant believed his information ; and that's why he did
not come before the court, and deponent further saith not.

"S. M. KAAUKAI, Defendant."

After hearing, the court denied the motion, and the defen-
dant appealed against this ruling to the Circuit Court of the
First Judicial Circuit (jury waived). On the 5th day of June,
1894, the matter came on for hearing and now comes here on
a bill of exceptions from the said Circuit Court, wherein it is
stated—"That after hearing argument by the respective

counsel as to the sufficiency of refusing to open such default, the Court ruled that the appealing on said motion to open default should be declined and so ordered, to which ruling and order defendant duly excepted, and his exception was duly allowed."

The facts of the case as they appear to us, are : That the defendant was served with a written notice, that the case would be heard in the District Court, Honolulu, on Friday, March 23d, 1894, at 1:30 P. M. That day was Good Friday, and the Court, at the morning session, stated that all civil cases that were ready would be heard that afternoon, that being the regular day ; that the main door to the station house building, in which is situated the District Court room, was closed for some reason, but there was another entrance by which the court room could be reached. The magistrate, on coming to the building about 1:30 P. M., found the main door closed and ordered it to be opened and proceeded upstairs to his court room. That when this case was reached defendant did not appear, and was called in the usual way, and not answering was defaulted. It does not appear that the defendant made any effort to find out if the court was going to hold the afternoon session, which he could easily have done, but finding the main door of the building closed (not the court room door), about the time the court was to open, took it for granted that there was no session, he having heard that there was to be a half holiday.

In *G. W. Macfarlane & Co.* vs. *J. S. McCandless*, 8 Haw. 118, where several of our own cases are cited in support, it is held that the setting aside of a default and the re-opening of a case for re-hearing is a matter of discretion and not reviewable, except in a clear case of abuse. There is nothing developed in this case to warrant us in finding that there was an abuse of discretion by the magistrate ; the affidavit does not even show that the defendant had a good and meritorious defense to the action ; or that he used ordinary diligence in finding out whether his case was to be postponed or heard on the day set for hearing. It is not enough that

he presumed from what he heard or observed, that it would not be called; he should have made enquiries from the proper officers. The affidavit does not show the source of his information.

The exceptions are dismissed.

*V. V. Ashford* and *E. Johnson*, for plaintiff.

*W. C. Achi*, for defendant.