*W. R. Castle & P. L. Weaver* for defendant.

---

# KAPIOLANI ESTATE, LIMITED *v.* M. S. GRINBAUM & COMPANY, LIMITED.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 9, 1903.     DECIDED FEBRUARY 14, 1903.

FREAR, C. J., GALBRAITH AND PERRY, JJ.

A motion to re-open a default is a matter within the sound, judicial

discretion of the trial judge, and the latter's ruling thereon will not be interfered with except in a clear case of abuse.

## OPINION OF THE COURT BY PERRY, J.

The action in which error is claimed to have occurred was one of assumpsit upon a certain bill of exchange for $966.70 alleged to have been drawn upon and accepted by the plaintiff in error and to have passed to the defendant in error by endorsement.    Summons was served September 12, 1902, and on October 3 following the plaintiff in the action moved that, upon the clerk's certificate that the defendant had failed to file any answer or other plea to the declaration within twenty days after service, an order be made declaring the defendant in default, debarring it from the right to answer and authorizing one of the clerks to assess the amount of plaintiff's claim and to enter up judgment therefor.    Such an order was made and judgment was entered for the amount found by the clerk to be due.    The defendant then appeared and moved that the order of default be set aside and the judgment vacated and that it be permitted to answer.    This motion the court denied.         ,

Three errors are assigned.    Of these the second assignment has been expressly and the first practically abandoned.    The first is that the court erred in making the order of default and in entering up judgment.    No reason has been suggested for holding this to be error.    On the contrary the court appears to have in all respects complied with the express provisions of the statute and to have granted only what the plaintiff was under the circumstances entitled to demand and obtain.

The third assignment, upon which reliance is mainly placed, relates to the refusal to set aside the default..    The matter was one within the discretion of the trial judge and his ruling should not be interfered with unless there was clearly an abuse of discretion.    *Bishop & Co. v. The Pacific Navigation Co.*, 7 Haw. 276; *Macfarlane & Co. v. McCandless*, 8 Haw. 118.    The affidavit of the treasurer of the Kapiolani Estate, Ltd.,—the only one filed in support of the motion to re-open—is to the effect

that the deponent "entirely and absolutely forgot the subject of said papers and of said action until the 3rd day of October, A. D. 1902," the day of the entry of the judgment, that this forgetfulness was the sole reason for the defendant's failure to answer in the action, and that "this deponent has this day made a full, fair and complete statement of the facts and all of the facts connected with the claim of plaintiff herein and the defense of the defendant to said claim, to C. W. Ashford, Esquire, an attorney of said Court; and that as a result of said statement of fact, this deponent is advised by said attorney, and he verily believes that said defendant has a full and complete defense upon the merits to said claim of said plaintiff in this action—to-wit: an entire lack of consideration for the acceptance of defendant, upon which this action is based." In opposition to the motion two affidavits were filed, one by one of the attorneys for Grinbaum & Co., and the other by an officer of that corporation. From the statements contained in these two affidavits, which need not be recited in full, the trial judge would have been justified in finding, and evidently did find, that the excuse offered by the defendant's treasurer was not founded in fact, that the defendant's claim that it had a meritorious defense, to wit, that of entire lack of consideration, was likewise not proven and that the facts, on the contrary, were that it had no good defense, that its treasurer had, both before and after the commencement of the action, promised to pay the amount claimed on the bill of exchange, and that the defendant was merely seeking further time in which to secure the funds to make payment and avoid execution. The affidavits presented a question of credibility. There was sufficient evidence to support the finding made. Under the circumstances we cannot say that substantial justice has not been done or that any abuse of discretion was committed in refusing to set aside the order of default.

The writ is dismissed.

C. W. Ashford for plaintiff in error.

Holmes & Stanley for defendant in error.