## KAUMAKA NAKEU, KUEWA WHARTON AND NUI MOKE KAAEMOKU *v.* HORACE P. MAHAULU AND ESTHER U. MAHAULU.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. W. J. ROBINSON, JUDGE.

ARGUED SEPTEMBER 15, 1915.          DECIDED SEPTEMBER 22, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*motion to vacate decree.*
    An appeal does not lie from an order overruling a motion to open a decree in equity.

OPINION OF THE COURT BY WATSON, J.

This is an appeal from an order made by a circuit judge, sitting at chambers in equity, denying a motion to set aside and vacate a final decree theretofore made and entered in a suit for an accounting, wherein appellants were the defendants and appellees the plaintiffs. The record shows that the bill was filed by appellees on May 14, 1914, to obtain an accounting from appellants as tenants in common of certain lands and premises situate in the city and county of Honolulu, and to recover such sum of money as might be found to be due them as their proportionate share of certain rents, issues and profits alleged to have been collected by appellants from said lands so held by them in common. It was alleged in said bill that appellees were joint owners in fee of an undivided one-half interest in said lands, each owning an undivided one-sixth interest therein, and that the appellants were the owners of the remaining undivided half interest in said premises; that appellants had collected rents from said lands at the rate of $50 a year from the 9th day of February, 1905, to the date of the filing of the bill, none of which moneys had been accounted for by the said appellees. Upon the filing of said bill a summons was duly issued and served on appellants. On the 11th day of September, 1914,

nearly four months after the appellants had been served with process, an order of default was entered against them, no appearance having been made by them or either of them. On the 23d day of September, 1914, after the hearing of testimony, a final decree was entered in said cause wherein it was ordered, adjudged and decreed that appellees have judgment against appellant Horace P. Mahaulu for the sum of $408.75, "being their share of money collected by said Horace P. Mahaulu, as alleged in said complaint, together with interest thereon," and also for costs of court. No appeal was ever taken from the final decree entered on the 23d day of September, 1914, nor was any petition or bill filed to set aside said decree or for a rehearing of said cause. It appears from the uncontradicted affidavit of counsel for appellees, and was admitted by counsel for appellants at the argument, that after said final decree was entered execution was issued thereunder against appellant Horace P. Mahaulu, and the same has been fully satisfied and settled. On the 30th day of April, 1915, a motion was made, entitled in said original cause, to set aside said final decree, one of the grounds of said motion, and the only one relied on in this court, being that such decree was obtained by fraud in that the testimony given at the hearing by Mrs. Kuewa Wharton, one of the appellees herein, and the only witness who testified at the hearing, was false, misleading and fraudulent in certain respects specified in the affidavit of Horace P. Mahaulu, upon which said motion was based. In this affidavit of Mahaulu's he contradicted certain material portions of the testimony given at the hearing by the witness Mrs. Kuewa Wharton as to the amount of rents collected by him from the lands, and also deposed that certain material facts had been concealed by the witness at the hearing, which, if made known to the court, would have resulted in a decree in favor of the appellants. After hearing argument of counsel this motion was denied by the circuit judge and it is from the order denying said motion, dated June 9, 1915, that this appeal is taken.

Pretermitting all discussion as to whether the relief sought, to wit, the setting aside of a decree in equity, may be properly granted on motion (as to which see 2 Beach, Modern Equity Practice, Sec. 884; Story's Equity Pleadings, 10th ed., Sec. 426), and assuming, without deciding, that a motion will lie for that purpose, we are of the opinion that the decision of such a motion is within the sound discretion of the court below and that no appeal will lie from it. "Neither an appeal nor writ of error will lie from the refusal of the court below to vacate a judgment or decree. The decision of such a motion rests in the sound discretion of the trial court." 1 Enc. U. S. Sup. Ct. Rep., p. 994, n. 56. In *Wylie* v. *Coxe,* 14 How. 1, 14 L. ed 301, Chief Justice Taney, speaking for the court, says: "In relation to the order, it is plain that no appeal will lie from the refusal of a motion to open the decree and grant a rehearing. The decision of such a motion rests in the sound discretion of the court below, and no appeal will lie from it." See also *In re Rouse,* 20 Fed. Cas. No. 12,086. The rule above stated has been adopted and applied by this court in the case of *Makalei* v. *Himeni,* 7 Haw. 168 (called to the attention of counsel at the argument), and the reason for the rule, as applicable to the case at bar, cogently stated. The court there said: "The justice had the power, on being shown that his proceedings had been erroneous, to reopen the case. It would be a matter lying within his discretion to grant such a motion, likewise to refuse it. * * * Whether a justice will reopen a case for a new hearing after his final decree made and not appealed from, is clearly a matter of discretion. * * * The effect of holding that refusal of such a motion to rehear is appealable, would be to nullify the statutes and rules of court which limit the time for taking appeal to ten days after decree. It would only be necessary at any time to move for a rehearing, and to appeal from the denial of this, bringing up the whole matter before the court in banco, or if the course should be to send it back to the justice for a

Nakeu v. Mahaulu, 22 Haw. 750.

rehearing, then to appeal from his second judgment within the ten days, and so come before this court on the merits."

The appeal is dismissed with costs to the appellees.

*Lorrin Andrews* for plaintiffs.

*N. W. Aluli* (*E. K. Aiu* with him on the brief) for defendants.