# FEODOR BOBKOFF *v.* PETER CHESTICOFF.

## No. 1097.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. W. S. EDINGS, JUDGE.

SUBMITTED JULY 19, 1918.                DECIDED SEPTEMBER 6, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD
IN PLACE OF KEMP, J., ABSENT.

JUDGMENT—*default.*

The determination or sentence by a court debarring the defendant from the right to answer is in the eyes of the law a judgment and is so recognized by section 2363 R. L.

STATUTES—*mandatory.*

Mandatory statutes are imperative; they must be strictly pursued; otherwise the proceeding which is taken ostensibly by virtue thereof will be void.

OPINION OF THE COURT BY COKE, C. J.

The plaintiff, appellee, commenced an action for damages against the defendant, appellant, in the court below in January, 1918, based upon alleged slanderous words spoken of and concerning plaintiff by defendant. The defendant, although duly served with process, failed to make answer to the complaint within the time prescribed by law and on March 14, 1918, judgment of default was entered against him. On April 16, 1918, the defendant being absent, a jury was drawn and upon the *ex parte* evidence of plaintiff a verdict was rendered against the defendant for the sum of $2000. On the following day the defendant filed a motion, supported by affidavits, to open the default and to vacate and set aside the verdict. Counter affidavits were filed by the plaintiff. The motion was denied by the trial court and on April 23, 1918, a judgment

for the amount of the verdict, together with costs, was entered against defendant and in favor of plaintiff. It appears that a few minutes prior to the entry of the final judgment on April 23, 1918, the plaintiff filed with the court an affidavit showing that the defendant was not in the military service of the United States government. On April 26 the defendant presented to the court a motion to vacate the judgment, said motion being based upon the entire record in the case, including the affidavits presented by defendant with the first motion. This motion was denied and the defendant comes to this court on a bill of exceptions.

The bill of exceptions embraces in its compass but two questions for our consideration. It is first urged by defendant that the court below was without jurisdiction to enter the judgment of default for the reason that the plaintiff had not first filed an affidavit showing that the defendant was not in the military service of the United States government as required by an act of Congress which took effect March 8, 1918, and which act is commonly known as the "Soldiers and Sailors Civil Relief Bill;" and, second, that the refusal of the trial court to open the default and set aside the judgment constituted an abuse of its discretionary power.

The first paragraph of Article II of the Soldiers and Sailors Civil Relief Bill provides "That in any action or proceeding commenced in any court if there shall be a default of any appearance by the defendant the plaintiff before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. *If an affidavit is not filed showing that*

*the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry,* and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest and the court shall on application make such appointment." This is a remedial statute and its nature and purpose requires a strict compliance with its provisions. The foregoing paragraph of the law deals with the subject of default and clearly refers to judgments of default. Plain mandatory language is employed in the act. If a defendant is in default the court must pause and require an affidavit showing that the defendant is not in the military service of the United States government and if no such affidavit is forthcoming the court must then make an order directing that judgment be entered, one or the other being an indispensable prerequisite to the entry of judgment. If the affidavit is not filed the order must precede the judgment, but the order cannot be made until the court appoints an attorney to represent defendant and protect his interest if he is in military service.

In the case at bar no affidavit was filed prior to the entry of the judgment of default showing that the defendant was not in the military service of the United States government nor did the court, prior to the entry of the judgment, make an order directing that the same be entered. The plaintiff contends that it is the main judgment rendered on the merits of plaintiff's claim, and not the judgment of default, which is referred to in the statute, and that plaintiff having filed the affidavit prior to the entry of final judgment the requirements of the statute were complied with. A determination or sentence by a court debarring the defendant from the right to answer is in the eyes of the law a judgment and is as fully entitled

to that appellation as is the final judgment, and is so recognized by section 2363 R. L. See also 23 Cyc. 734. Indeed it would be an idle proceeding to appoint an attorney to defend a party after he was debarred from the right to plead as well as the right to introduce evidence which would be the defendant's status after entry of the judgment of default. R. L. Secs. 2363-64. The affidavit of plaintiff, having been filed subsequent to the judgment of default, came too late to constitute a compliance with the statute.

Counsel for plaintiff urge that the judgment is not void, but voidable only; that the defendant not having shown that he was in the military service could not seek the protection of the statute, which was intended only to safeguard the rights of those in the military service. But the statute does not require the defendant to make any showing whatsoever whether he be in the military service or not. The entire burden of making the showing or securing the order of court is cast upon the plaintiff. It is true that the purpose of the statute is to extend protection to those in the military service, but in order that such persons may be amply protected others are affected. The statute lays down certain prescribed rules of procedure which must be strictly pursued in all cases. It is immaterial whether the defendant has as a matter of fact been prejudiced by the failure of the plaintiff to file the required affidavit or in lieu thereof to secure an order of the court directing entry of the judgment. The statute is mandatory and all the steps prescribed by it must be strictly complied with. "Mandatory statutes are imperative; they must be strictly pursued; otherwise the proceeding which is taken ostensibly by virtue thereof will be void. Compliance therewith, substantially, is a condition precedent; that is, the validity of acts done under a mandatory statute depends on a compliance with its require-

ments. * * * Where legislation points out specifically how an act is to be done, although without it the court or officials under their general powers would have been able to perform the act, yet as the legislature imposed a special limitation it must be strictly pursued." Sutherland, Statutory Construction, Sec. 454. See also 36 Cyc. 1157; *Brisbane* v. *Peabody,* 3 How. Pr. 109. Counsel for plaintiff in support of their contention that only those actually in military service may invoke the protection of the statute quote paragraph 4 of Article II, which recites "that if any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application made by such person or his legal representative not later than ninety days after the termination of such service, be opened by the court rendering the same, and such defendant or his legal representative let in to defend" etc. This provision has to do with a judgment rendered after compliance with the prior provisions requiring the affidavit, or, in its absence, an order of court before judgment and requiring the appointment of counsel for the defendant if he be in the military service. Even where these requirements have all been met, yet if judgment has been rendered against a person in the military service he may have the same set aside within ninety days after his release from service provided of course he can show that he was prejudiced in making his defense by reason of his military service.

The plaintiff in this case having failed to file, prior to the entry of the judgment of default, an affidavit setting forth facts showing that the defendant was not in the military service, or, in the absence of such affidavit, hav-

ing failed to secure an order of the court directing the entry of judgment, all subsequent proceedings were void.

The exception to the first question discussed being sustained the result will necessarily require that the judgment of default rendered by the court below and all subsequent proceedings had must be set aside and this of course will present to the defendant an opportunity to plead his defense, in which event the case may be heard upon its merits. And it becomes unnecessary for us to pass upon the other matters contained in the bill of exceptions.

Upon the ground that the court below failed to proceed in accordance with the mandatory provisions of the act of Congress, known as the Soldiers and Sailors Civil Relief Bill, the exceptions are sustained and the cause is remanded to the circuit court for proceedings consistent with this opinion.

*Andrews & Pittman* for plaintiff.

*G. A. Davis, W. T. Rawlins* and *E. J. Botts* for defendant.

PARTIALLY CONCURRING OPINION OF CIRCUIT JUDGE ASHFORD.

It is with extreme reluctance, and with serious misgivings as to the accuracy of my position, that I concur in so much of the foregoing majority opinion as holds that the defendant, not being in the military service, was entitled to insist that an affidavit to the effect that he was not in such service, should be filed before any judgment was entered. I heartily concur, however, in the finding that, if such affidavit was required at all, it was required precedent to the entering of the order or judgment of default.

The point at issue involves the question whether the action of the trial court, in proceeding to judgment without the filing of such affidavit, rendered its subsequent

acts void, or merely voidable.   The majority opinion holds that the Congressional Act, requiring the filing of the affidavit in question, being a mandatory act, must be complied with in order to sustain the jurisdiction of the court to proceed further.   The correctness of this view does not appeal to me as clearly as I could wish, but, it is at least doubtful in my opinion, whether the acts of the trial court in entering the judgment of default in the absence of such affidavit, and thereafter proceeding to trial and final judgment, constituted anything more than error of law,— jurisdiction of the subject matter and of the person of the defendant being complete.   No possible question of the accuracy of the majority opinion upon this point, could arise if the defendant had, in fact, been in the military service.   But, because he was not in that service, it appears to me at least an open question whether the act of the trial court in ordering a default and proceeding to trial constituted anything more than harmless error. Many errors of law are committed by trial courts, not all of which are harmful to the losing party, and it is becoming more and more the aim and the usage of our courts of review to disregard harmless errors.   But the majority of the court consider that the errors herein complained of went to the jurisdiction of the court, and rendered its further proceedings void.   Because of my lack of abiding conviction that this position is erroneous, I do not feel impelled to dissent from it.

The majority opinion also holds that paragraph 4 of Article II of the Congressional Act has to do only with a judgment rendered after compliance with the prior provisions requiring the affidavit, or, in its absence, an order of court before judgment, and requiring the appointment of counsel for the defendant if he be in the military service,—and that even where all such requirements have been met, a judgment rendered against a person in the military

service may be set aside after his release from service, provided he can show he was prejudiced in making his defense by reason of his military service. With respect to the holding last above referred to, I feel that it is quite outside the issues of the present case, and unnecessary to its decision. I therefore respectfully dissent from that portion of the foregoing opinion.

The result is, that I concur in sustaining the first exception mentioned in the majority opinion, and in ordering a new trial.