MIGNONNE STAFFORD *v.* J. RICHARD DICKISON
AND LAWRENCE STUART, DBA AIRWAY HAWAII.

No. 4193.

September 7, 1962.

Tsukiyama, C.J., Cassidy, Wirtz,
Lewis and Mizuha, JJ.

OPINION OF THE COURT BY LEWIS, J.

This is an appeal from an order of March 4, 1960,
which denied defendant's motion of January 21, 1960 to
set aside a default judgment entered on January 22, 1959,

and permit defendant to proceed to trial on the merits. The grounds for denying defendant's motion evidently were those stated in plaintiff's motion to strike defendant's motion, to wit, "on the ground of laches and, further, that the grounds set forth therein do not comply with the provisions of the Rule 60(b) of the Hawaii Rules of Civil Procedure."[1] The motions were heard on affidavits. The proceedings thereon hereinafter are referred to as the 1960 proceedings.

The complaint upon which the default judgment was obtained was filed March 4, 1955, and alleged that defendant was indebted to plaintiff in the amount of $3,000 for salary and wages earned in the calendar year 1953. Defendant while still a resident of Honolulu was served, and filed an answer and counterclaim in which he denied that he was indebted to plaintiff and averred that plaintiff was indebted to him in the amount of $360 for goods sold and delivered on or about March 25, 1954. On March 25, 1955 plaintiff filed a reply denying the counterclaim.

On December 1, 1958, the parties' attorneys were notified of a pre-trial conference. This was held on December 15, 1958 but defendant's attorney was not present.[2] The

---

[1]Rule 60(b) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *"

[2]According to statements made in the 1960 proceedings, defendant's attorney was in the hospital at the time but had informed plaintiff's attorney of his intention to withdraw as counsel.

minutes of December 15, 1958 read as follows:

"Minute Order

"Mr. Hughes [defendant's attorney] advised when contacted by telephone that he intended to withdraw as counsel for lack of cooperation from his client who had not answered a letter written to him in January of 1957 and he has not attempted to communicate with him since that date. He further advised that Defendant Dickison's last known address is 370 Orlena Avenue, Long Beach, California.

"Under the circumstances, default judgment will be entered to take effect 30 days from this date, during which period the Defendant shall have the opportunity to move to have it set aside. Otherwise, it will become final.

"Defendant will be served with a copy of this minute order at the aforementioned address. At the end of the 30-day period, the Plaintiff may apply to the clerk of the Court for default judgment under Rule 55(b)(1)."

At the time of the December 15, 1958 hearing defendant's attorney had not withdrawn but did so by a paper dated on that same day, approved by the trial judge, served on plaintiff's attorney the following day, and filed December 17, 1958. In a supporting affidavit the withdrawing attorney averred that on January 4, 1957 he wrote his client "at his last known address" (presumably the Long Beach, California, address appearing in the above-quoted minute order) and received no reply to the letter. The subject of this letter was the client's arrears in support payments, an entirely different matter.

On January 16, 1959 plaintiff moved for entry of default judgment. Her accompanying affidavit averred "that the default of the defendant has been entered for

failure to appear in the action."[3] On January 19, 1959, the court ordered that judgment by default be entered in favor of the plaintiff and that defendant's counterclaim be dismissed. The order recited that the matter had come on for hearing on December 15, 1958, that the plaintiff and her attorney were present, and that defendant "failed to appear to defend this action." On January 22, 1959 the motion and order were filed, together with a judgment reciting that the court had ordered entry of a default judgment. The judgment was for the amount shown in plaintiff's affidavit accompanying the motion for entry of default judgment, which was in conformity with the prayer of the complaint.

Notice of entry of the judgment was sent by the clerk to the address of Airway Hawaii, shown by the sheriff's return as the place at which defendant was served in Honolulu. The record contains no certificate or other proof of service of the judgment by plaintiff. In the 1960 proceedings her attorney filed an affidavit averring that he was unable to secure defendant's address from defendant's former counsel "who claimed privilege." However, according to the minutes, plaintiff's attorney was present in court on December 15, 1958 when the court made the minute order above set out, containing the Long Beach address. Plaintiff's attorney contests the sufficiency of the showing that he heard the court announce this address. In any event, we must take it from the record that no notice of entry of the judgment was given defendant except that sent by the clerk addressed to Airway Hawaii.

After the default judgment was obtained, according to an affidavit of plaintiff's attorney filed in the 1960 proceedings, "efforts were commenced to trace the defendant commencing with the address 119 S. Santa Fe,

---

[3]The only entry of default was that made by the minute order of December 15, 1958.

Compton, California, an address at which the defendant had at one time lived and which address was purportedly the address of his father. This address was furnished to affiant by [plaintiff] after the entry of judgment * * *." Copies of letters of a Compton collection agency, furnished by plaintiff in the 1960 proceedings, show that defendant was contacted through this agency in April or May 1959 and claimed "that he was never served with any kind of papers and had absolutely no knowledge of these goings on at all." The affidavit of defendant's attorney shows that defendant eventually was sued in California on the Hawaii judgment. Upon argument in this court, plaintiff's counsel offered to show that the California suit was commenced in July 1959, and we will assume this to be the case.

We first will consider the nature of the present appeal. In *Kahue* v. *Palaualelo,* 25 Haw. 805, it was held that an order denying a motion to open a default was interlocutory and not subject to appeal as a matter of right, and this court said *obiter* that an order refusing to set aside a judgment by default is governed by the same rule. Since a judgment entered on a default, unlike the mere entry of a default, is not interlocutory, this dictum was too broad. Previously the court had reviewed an order refusing to set aside a default judgment, affirming it however as within the discretion of the court. *G. W. Macfarlane & Co.* v. *McCandless,* 8 Haw. 118. Again, in *Kekaula* v. *Kaaukai,* 9 Haw. 473, *Kapiolani Estate, Ltd.* v. *M. S. Grinbaum & Co.,* 14 Haw. 583, and *Takamoto* v. *Horita,* 23 Haw. 370, the court reviewed orders refusing to set aside default judgments and affirmed them on the ground there was no abuse of discretion. In *Vivas* v. *Akoni,* 14 Haw. 115, and *Bobkoff* v. *Chesticoff,* 24 Haw. 447, such orders were reviewed and reversed. By the weight of authority an order refusing to set aside a default

judgment is appealable. Annot., 108 A.L.R. 225.

However, it has been held that an order refusing to reopen a case for rehearing is not reviewable, for the appeal must be from the judgment. *Makalei* v. *Himeni*, 7 Haw. 168, followed in *Nakeu* v. *Mahaulu*, 22 Haw. 750, and *Mendiola* v. *Aiau*, 29 Haw. 340. In the first cited case the court said at 169:

> "The effect of holding that refusal of a motion to re-hear is appealable, would be to nullify the statutes and rules of Court which limit the time for taking appeal to ten days after decree. It would only be necessary at any time to move for a rehearing, and to appeal from the denial of this, bringing up the whole matter before the Court in banco, or if the course should be to send it back to the justice for a rehearing, then to appeal from his second judgment within the ten days, and so come before this Court on the merits."

This line of cases points up the importance of demarking the limits of a motion under Rule 60(b) in certain cases.[4] However, in the present case we need not decide the exact scope of a motion under Rule 60(b). We have concluded that defendant's contention that the judgment was void disposes of the case. Clause (4) of Rule 60(b) specifically provides for relief thereunder if "the judgment is void."

---

[4] It has been stated that a motion under Rule 60(b) is not a substitute for a timely appeal from the original judgment. *Aiona* v. *Wing Sing Wo Co.*, 45 Haw. 427, 368 P.2d 879; 7 Moore, *Federal Practice*, § 60.18(8) at 215, § 60.27(1) at 297 (2d ed.). It would seem that there are some matters which can be presented to the trial court only by a motion for new trial, which pursuant to H.R.C.P., Rule 59(b), is to be served not later than ten days after the entry of the judgment, and pursuant to Rule 73(a) stays the time for appeal. *John E. Smith's Sons Co.* v. *Lattimer Foundry & Mach. Co.*, 239 F.2d 815 (3d Cir.). *Cf.*, cases cited, 7 Moore, *Federal Practice*, § 60.18(8) at 215, note 6; 6 *id.* § 59.04(7) at 3719, note 13, and the discussion 7 *id.* § 60.15(7) at 71, § 60.22(3).

Defendant argues that he was not in default when the judgment was entered and that "the default judgment was inappropriate and void" since he had answered.[5] He relies on cases in which a defendant, after answering, failed to appear at the trial and was held not in default within the meaning of Rule 55.[6] But the instant case is different and presents the question whether the fact that an answer has been filed precludes entry of a default for failure to appear for pre-trial.[7] If the answer to that question is "yes" the error so shown nevertheless was not one that in itself rendered the default judgment void. See *Adams & McGahey* v. *Neill*, 58 N.M. 782, 276 P.2d 913.

Defendant further contends that he was deprived of due process in that he did not have notice under H.R.C.P., Rule 55(b)(2). Plaintiff's counsel concedes that he did not give the notice required by that rule. He points to the fact that the minute order of December 15, 1958

---

[5]Plaintiff contends that defendant's answer was not in conformity with H.R.C.P., Rule 11. The flyleaf of the answer showed that defendant was appearing by attorney and gave the attorney's address, but the answer was signed by defendant himself. The rule provides that a pleading not in conformity with the rule may be stricken. No motion to strike the answer was made in the court below, nor was the contention presented there. The point does not merit consideration.

[6]See *Bass* v. *Hoagland*, 172 F.2d 205 (5th Cir.); *Klein* v. *Rappaport*, 90 A.2d 834 (D.C. Munic. Ct. App.); *Olsen* v. *Int'l Supply Co.*, 22 F.R.D. 221 (D.C. Alaska).

[7]The pre-trial notice requested that each attorney, among other things, "come with full authority to make disclosure of facts, admit and stipulate undisputed facts, and to waive requirements for formal proof of documents, etc."; also that each attorney "furnish the names and addresses of witnesses and the nature of their testimony"; and "submit documentary proof, photographs, x-rays, etc., so they may be marked as evidence in the case in advance." The sanctions for nonappearance for pre-trial are not clear. See 3 Moore, *Federal Practice*, § 16.07 at 1110 (2d ed.). *Cf.*, H.R.C.P., Rules 37(b)(2) and 37(d); Moore, *supra*, § 37.03 at 2809; *Massa* v. *Jiffy Products Co.*, 240 F.2d 702 (9th Cir.). But see *Dulin* v. *West*, 10 Fed. Rules Serv., 37d.33, Case 1 (W.D. Mo.); *Michigan Window Cleaning Co.* v. *Martino*, 173 F.2d 466 (6th Cir.). As to the converse situation of nonappearance of plaintiff for pre-trial, see *Link* v. *Wabash R.R.*, 370 U.S. 626; *Wisdom* v. *Texas Co.*, 27 F. Supp. 992 (N.D. Ala.).

specifically provided that plaintiff might "apply to the clerk for default judgment under Rule 55(b)(1)."

Since defendant had appeared in the action he had a right to notice under Rule 55(b)(2) even if in default, as shown by the cases discussed *infra*. The court, however, ordered that judgment be entered under Rule 55(b)(1) as though defendant had not appeared in the action. See *Draisner* v. *Liss Realty Co.*, 211 F.2d 808 (D.C. Cir.). This error on the part of the court did not deprive defendant of due process or render the judgment void, since the court at the same time ordered that defendant receive notice of the court's order and an opportunity to defend. If the notice so provided for in fact had been given the judgment would not have been void though the notice was not that which the rule intended. It is the denial of opportunity to defend which renders a judgment void. *Windsor* v. *McVeigh*, 93 U.S. 274; *Winhoven* v. *United States*, 201 F.2d 174 (9th Cir.); see also *Vivas* v. *Akoni*, *supra*, 14 Haw. 115; *Silva* v. *Robert Hind, Ltd.*, 33 Haw. 432. For mere procedural error that does not deprive a party of notice or opportunity to be heard, a remedy must be timely sought. See *Dunlevy* v. *Dunlevy*, 38 Fed. 459, 464 (N.D. Ill.).

We have examined the cases cited by defendant, or cited in the annotation in 51 A.L.R.2d 837, having to do with the question whether absence of notice of an application for default judgment under Fed. R. Civ. P., Rule 55(b)(2), or a similar rule or statute, in itself renders a judgment void. We are not convinced that this is so. As stated in *Link* v. *Wabash R.R.*, *supra*, the requirement of due process "does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which

the circumstances show such party may be taken to have of the consequences of his own conduct."

In *Loranger* v. *Alban,* 22 N.J. Super. 336, 92 A.2d 77, and *Salter* v. *Bd. of Comm'rs of Jefferson County,* 126 Colo. 39, 246 P.2d 890, the judgments were held void but there was a lack of opportunity to defend. Similarly, in *Adams & McGahey* v. *Neill, supra,* 58 N.M. 782, 276 P.2d 913,[8] and *Phoenix Metals Corp.* v. *Roth,* 79 Ariz. 106, 284 P.2d 645, no notice of any hearing was given defendant though he had answered and was not in default. We have concluded that failure to give the notice of an application for default judgment required by Rule 55(b)(2) does not in itself render the judgment void but instead is a procedural irregularity which may be rectified by appropriate means. *White* v. *Sadler,* 350 Mich. 511, 87 N.W.2d 192; *Federal Land Bank of St. Paul* v. *Olson,* 239 Wis. 448, 1 N.W.2d 752; *Peterson* v. *McMillan,* 70 S.D. 56, 14 N.W.2d 97. See also *Dakota Nat'l Bank* v. *Johnson,* 52 N.D. 845, 204 N.W. 840; *Simonson* v. *Sittner,* 82 N.W.2d 78 (N.D.); *Mahnk* v. *Blanchard,* 233 App. Div. 555, 253 N.Y. Supp. 307. And see *Martinson* v. *Marzolf,* 14 N.D. 301, 103 N.W. 937, which appears to be unduly onerous in the requirements put upon the defendants under the circumstances of that case.

*Bass* v. *Hoagland, supra,* 172 F.2d 205 (5th Cir.), is much relied upon by defendant. This case has been criticized. 6 Moore, *Federal Practice,* § 55.09 at 1825; 59 Yale L.J. 345. In any event, it does not hold that failure to give notice of application for default judgment in itself renders the judgment void. *Ken-Mar Airpark, Inc.* v. *Toth Aircraft & Accessories Co.,* 12 F.R.D. 399 (W.D. Mo.) also cited by defendant, was a decision on a motion made and granted within thirty days of the default judg-

---

[8] *Cf., State Collection Bureau, Inc.* v. *Roybal,* 64 N.M. 275, 327 P.2d 337.

ment. Though the court said the judgment was a nullity, this was dictum, for which the court cited *Bass* v. *Hoagland, supra,* and *Commercial Casualty Ins. Co.* v. *White Line T. & S. Co.,* 114 F.2d 946, 947 (8th Cir.). The second of these cases was a direct appeal from the default judgment and involved no question whether the judgment was void, the court ruling that "there was error necessitating reversal."

We have concluded that the turning point of this case is the service of the minute order. If that order had been served as intended defendant would not have been denied due process and the judgment would not have been void. But we must conclude that defendant was not served as directed by the minute order. We must conclude that as a result, due to the circumstances, he was not given an opportunity to defend.

It was an abuse of discretion to permit the withdrawal of defendant's counsel under the circumstances and in the manner above set out. The case had been at issue for nearly three years, during which time counsel must have known that the case was working its way up the calendar. For two years counsel had been out of touch with his client, and even if we assume that the client's failure to answer the letter about the arrears in support payments had embarrassed counsel, that moreover the client was neglectful in failing to keep in touch with his attorney when he must have known he had this pending case, those circumstances did not excuse what was done. Though an attorney be warranted in withdrawing, he should do so only on reasonable notice to the client, allowing him time to employ another lawyer. 5 Am. Jur., *Attorneys at Law,* § 39; *Perkins* v. *Sykes,* 233 N.C. 147, 63 S.E.2d 133; *Finch* v. *Wallberg Dredging Co.,* 76 Idaho 246, 281 P.2d 136; *Canons of Professional Ethics,* Canon 44, adopted by Rule 16(a) of this court. The withdrawing attorney did not

state in his withdrawal papers that he had notified his client of his withdrawal and according to the statement attributed to him in the minutes of December 15, 1958 he neither had done so nor attempted to do so.

Plaintiff contends that defendant still was represented by counsel when the minute order was made. Technically that is so, and if the attorney had failed to appear without the court being advised of the circumstances the case would be quite different. See *Link* v. *Wabash R.R., supra.* On the present record, the case is one in which the court allowed counsel for the defendant to withdraw on the day of pre-trial[9] knowing that the defendant had left the State and had not been notified of the hearing or the withdrawal of his counsel, and intending that defendant be defaulted for the nonattention to the case resulting from the withdrawal so permitted. Though the court contemplated that service of the minute order would save defendant's right to defend, that order was not served as now appears.

There is nothing in the record showing service of the minute order of December 15, 1958 as directed. Upon the argument in this court plaintiff's attorney stated that he did not send defendant a copy and argued that the clerk was to send it. Asked whether the court should presume that the clerk sent it plaintiff's attorney made no such contention.

The presumption in favor of the validity of a judgment (*Estate of Paeimuai,* 3 Haw. 141, *Carey* v. *Hawaiian Lumber Mills, Ltd.,* 21 Haw. 311, 30A Am. Jur., *Judgments,* § 39 et seq.) cannot be applied in this case. The judgment shows that it is based on the court's order for entry of a default judgment, which in turn shows that it is based on a hearing of December 15, 1958 and defendant's "having failed to appear to defend this action" but

---

[9]The withdrawal was approved in writing on the day of the pre-trial hearing and tacitly was approved at the time of the hearing.

the same order shows that defendant did appear for it speaks of defendant's counterclaim. Turning to the minutes of December 15, 1958 for an explanation as to why a default judgment was ordered, we find that this was a pre-trial hearing at which defendant's nonappearance was due to the court's abuse of discretion in permitting the withdrawal of his counsel without notice. We find further that the court ordered entry of default judgment by the clerk under Rule 55(b)(1), erroneously relieving plaintiff of the duty of giving notice of application for default judgment. Though the court intended that defendant be served with a copy of the minute order, by entering a default "to take effect 30 days from this date" the court made no provision for ascertainment of the supposed default after service of the minute order. Hence, we cannot presume that the subsequent order for entry of default judgment signified that the court was satisfied that the minute order had been served. There being no presumption of service from the subsequent proceedings for the reason just stated and no notation of service in the record, we must take it that the order was not served.

Plaintiff has not offered to show that the minute order in fact was served—her counsel upon argument frankly stated that he did not think it was. As to service of the notice no factual question is presented. *Cf., Jones* v. *Jones,* 217 F.2d 239 (7th Cir.).

Defendant has grounds for setting aside the default judgment which meet the requirements of H.R.C.P., Rule 60(b)(4). There has been a denial of due process and the judgment is void. Plaintiff, however, contends that defendant has failed to show a meritorious defense. But since the judgment was void, defendant did not have to show a meritorious defense. 7 Moore, *Federal Practice,* § 60.25(2) at 264 (2d ed.). See the following cases in

which a void judgment was ordered vacated upon motion without any discussion of the question whether a meritorious defense was shown: *Shilhan* v. *Ho,* 40 Haw. 302; *Gouveia* v. *Nakamura,* 13 Haw. 450; *Phoenix Metals Corp.* v. *Roth, supra,* 79 Ariz. 106, 284 P.2d 645. In *Wise* v. *Herzog,* 114 F.2d 486 (D.C. Cir.) it was held that a meritorious defense need not be shown when the attack on the void judgment was by motion in the original suit.[10] To the same effect are *Schwarz* v. *Thomas,* 222 F.2d 305 (D.C. Cir.) and *Hicklin* v. *Edwards,* 226 F.2d 410 (8th Cir.). *Cf., Perkins* v. *Sykes, supra,* in which the ground for setting aside the judgment was "surprise," and the circumstances were somewhat different.

Plaintiff's further contention is that defendant did not make his motion "within a reasonable time" as required by Rule 60(b). The court below evidently held for plaintiff on the ground that defendant delayed too long before making his motion. At most, there was a delay of nine months. Considering that the defendant was outside the State and had to determine how best to defend the California suit on the judgment, and considering also that the serious defects in the proceedings prior to judgment were disclosed by the court's own records, we are of the view that the delay was not a sufficient reason for denying the motion. Defendant argues that the requirement that the motion be made in a reasonable time does not apply to a motion to set aside a void judgment. See 7 Moore, *Federal Practice,* § 60.25(4) (2d ed.); 3 Barron and Holtzoff, *Federal Practice and Procedure,* § 1327; cf., *Baker* v. *Brown,* 18 Haw. 22. In *Aiona* v. *Wing Sing Wo Co., supra,* 45 Haw. 427, 368 P.2d 879, we had oc-

---

[10]The court distinguished an earlier case in which it was held that a meritorious defense must be shown when the attack on the judgment was made by an independent action in equity. The cases are divided on that point, as shown by the annotations in 39 A.L.R. 414, 118 A.L.R. 1498.

casion to note that the requirement that the motion be made in a reasonable time is applicable even to the clauses of Rule 60(b) not governed by the one-year limitation, and we find it unnecessary to decide in this case whether there is an exception to that requirement when the judgment is void.

Though the judgment must be set aside, the further question arises: Should the entry of default be set aside? Here H.R.C.P., Rule 55(c), is involved. The setting aside of a default judgment and the setting aside of the entry of a default are two different things. *White* v. *Sadler, supra,* 350 Mich. 511, 87 N.W.2d 192; *United States* v. *Edgewater Dyeing & Finishing Co.,* 21 F.R.D. 304 (E.D. Pa.). In the present case, however, unless the entry of the default is set aside the denial of due process remains. It is not a case for the exercise of discretion. See *Roller* v. *Holly,* 176 U.S. 398, 409, in which the court said: "The right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion." Hence the entry of the default, like the default judgment, must be set aside.

Reversed and remanded for further proceedings in accordance with this opinion.

*John L. Smart* (*Hughes & Alexander* with him on the briefs) for defendant-appellant.

*Richard D. Welsh* for plaintiff-appellee.