**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000567
10-JUN-2026
08:19 AM
Dkt. 62 SO**

NO. CAAP-25-0000567


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STUART GLAUBERMAN and VICKY RAMIL,
Plaintiffs-Appellees,
v.
CELESTE M. GONSALVES,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DRC-21-0001879)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and Gluck, JJ.)


Self-represented Defendant-Appellant Celeste M. Gonsalves (**Gonsalves**) appeals from the August 7, 2025 "Order Denying Defendant's Non-Hearing Motion for Reconsideration" (**Order**) entered by the District Court of the First Circuit, Ko'olaupoko Division (**District Court**).  The Order – denying a motion for reconsideration – followed the District Court's oral denial of Gonsalves' June 27, 2025 "Motion to Vacate Judgment Per HRCP Rule 60(b)(4)."[1]

---

[1]    The Honorable Denise K.H. Kawatachi presided over the 2025 proceedings.

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised, we resolve Gonsalves' contentions as follows, and affirm.

The background facts are these:  In 2021, Gonsalves was renting an accessory dwelling unit from Plaintiffs-Appellees Stuart B. Glauberman and Vicky Ramil.  Glauberman and Ramil filed an action for summary possession and damages, after which Glauberman (through a property manager) filed a second action for possession when Gonsalves refused to vacate.  Gonsalves brought counterclaims.  The District Court granted summary judgment to Glauberman and Ramil, after which Gonsalves appealed to this court.  In a January 2024 Summary Disposition Order, this court affirmed the District Court's grant of summary judgment.  Gonsalves filed a motion for reconsideration in this court, which was denied.  She petitioned for a writ of certiorari with the Hawaiʻi Supreme Court (denied) and moved for reconsideration (denied), after which she petitioned for a writ of certiorari with the United States Supreme Court (denied) and moved for rehearing (denied).[2]

On June 27, 2025, Gonsalves returned to District Court and filed a motion to vacate judgment pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) 60(b)(4) (eff. 2006) (**Rule 60(b)(4) Motion**).  Her motion states that she "introduces new evidence that supports her claim that this judgment is void by way of

---

[2]    See Glauberman by KFG Props., Inc. v. Gonsalves, No. CAAP-21-0000536, 2024 WL 244468 (Haw. App. Jan. 19, 2024) (SDO), recon. denied sub nom. Glauberman v. Gonsalves, No. CAAP-21-0000536, 2024 WL 413981 (Haw. App. Feb. 5, 2024), cert. denied sub nom., Glauberman v. Gonsalves, No. SCWC-21-0000536, 2024 WL 2669093 (Haw. May 24, 2024), recon. denied sub nom. Glauberman v. Gonsalves, No. SCWC-21-0000536, 2024 WL 3451872 (Haw. July 18, 2024), cert. denied sub nom. Gonsalves v. Glauberman, 145 S. Ct. 1083 (2025), reh'g denied sub nom. Gonsalves v. Glauberman by KFG Props., Inc., 145 S. Ct. 1895 (2025).

2

Federal HUD Mandatory Eviction Rules that all landlords must follow for valid, legal evictions," and she cites to various provisions of the Code of Federal Regulations.  She argues that the 2021 eviction did not comply with federal regulations; that the court lacked jurisdiction over the 2021 proceedings; that she was denied due process; and that "the judgment is void for violating mandatory federal HUD law."  (Formatting altered.)

The District Court heard, and orally denied, the Rule 60(b)(4) Motion on July 25, 2025.  The District Court entered a written order denying the motion on September 4, 2025.  Meanwhile – on August 4, 2025 – Gonsalves filed a motion for reconsideration (**Motion for Reconsideration**), which the District Court denied on August 7.  Gonsalves now appeals to this court.

**Jurisdiction**:  As an initial matter, we have jurisdiction over this appeal.  "An order denying a motion for post-judgment relief under HRCP 60(b) is an appealable final order under HRS § 641-1(a)," Ditto v. McCurdy, 103 Hawaiʻi 153, 160, 80 P.3d 974, 981 (2003), "if the order ends the proceedings, leaving nothing further to be accomplished."  Id. at 157, 80 P.3d at 978.  This court has jurisdiction to consider the appeal from the denial of those motions:  the District Court denied Gonsalves' Rule 60(b)(4) Motion and her Motion for Reconsideration, and there is nothing left for the District Court to accomplish.  We also note that, although Gonsalves filed her notice of appeal on August 8, 2025 (and her notice of appeal refers only to the August 7, 2025 denial of her Motion for Reconsideration), we will consider the District Court's denial of the Motion for Reconsideration and the District Court's September 4, 2025 Order denying Gonsalves' Rule 60(b)(4) Motion.  See Hawaiʻi Rules of Appellate Procedure 4(a)(2) (eff. 2020) ("If a notice of appeal is filed after announcement of a

3

decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.").

**Standard of Review:** "The trial court has a very large measure of discretion in passing upon motions under HRCP Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion." PennyMac Corp. v. Godinez, 148 Hawai'i 323, 327, 474 P.3d 264, 268 (2020) (cleaned up). However, "under HRCP Rule 60(b)(4), an order is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law. As such, a denial of a HRCP Rule 60(b)(4) motion is reviewed de novo." James B. Nutter & Co. v. Namahoe, 153 Hawai'i 149, 162, 528 P.3d 222, 235 (2023) (citations and internal quotation signals omitted); accord Matter of Hawaiian Elec. Co., Inc., 149 Hawai'i 343, 362–63, 489 P.3d 1255, 1274–75 (2021).

"The appellate court reviews a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Namahoe, 153 Hawai'i at 162, 528 P.3d at 235 (cleaned up).

**Gonsalves' arguments:** Turning to the merits of Gonsalves' appeal, the District Court did not err in denying the Rule 60(b)(4) Motion. Once again, the prior judgment is void only if the District Court lacked jurisdiction or if the

4

District Court "otherwise acted in a manner inconsistent with due process of law."  Id.  Neither condition is present here.

First, as to jurisdiction, Gonsalves argues that "the court lacked jurisdiction to enter a judgment in violation of federal law." (Formatting altered.)  However, this is not a cognizable argument regarding the District Court's jurisdiction for purposes of a Rule 60(b)(4) motion:  Gonsalves is not attacking the District Court's jurisdiction to hear and consider the eviction proceedings (or her counterclaims); instead, she argues that the District Court erred in applying (or failing to apply) federal law to her case.  This is not a valid jurisdictional argument.  As the Hawaiʻi Supreme Court explained in Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 141, 254 P.3d 439, 452 (2011), in the context of Rule 60(b)(4) of the Hawaiʻi Family Court Rules:

> In the sound interest of finality, the concept of a void judgment must be narrowly restricted.  The principles of judicial economy and judicial finality operate as constraining influences upon the generosity of the courts in declaring judgments void. . . .
>
>  . . . .
>
> In brief, then, except for the rare case where power is plainly usurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgment, whether right or wrong, are not subject to collateral attack. . . .

(Cleaned up.)  Similarly, here, Gonsalves does not present any argument that the District Court lacked jurisdiction of the subject matter (a landlord/tenant dispute) or the parties.

Second, as to due process, Gonsalves argues that she was deprived of "federally guaranteed due process rights under the Section 8 program."  (Formatting altered.)  Once again, Gonsalves is not arguing that the District Court failed to provide her with due process (i.e., notice and an opportunity to litigate the District Court proceedings); she is arguing that

the District Court's decision was wrong.  That is not a proper basis on which to void a judgment.  To the contrary, "[i]t is the denial of opportunity to defend which renders a judgment void."  Stafford v. Dickison, 46 Haw. 52, 59, 374 P.2d 665, 670 (1962).  The record in this case is clear that Gonsalves had a full opportunity to litigate her case – Gonsalves either made or could have made her Section 8 arguments in the previous phases of this litigation; indeed, Gonsalves' Rule 60(b)(4) motion itself notes that she "quot[ed] Federal Section 8 Rules and laws" in opposing the 2021 motion for summary judgment.[3]

The District Court already ruled against Gonsalves.  This court affirmed that ruling, and both the Hawaiʻi Supreme Court and United States Supreme Court declined to overturn those decisions.  "'A fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive.'"  PennyMac Corp. v. Godinez, 148 Hawaiʻi at 331, 474 P.3d at 272 (quoting Arizona v. California, 460 U.S. 605, 619 (1983) (brackets omitted)).  Gonsalves seeks to relitigate the validity of the 2021 eviction, but she has not presented a cognizable basis under Rule 60(b) on which to do so.

Based on the foregoing, we affirm the District Court's August 7, 2025 "Order Denying Defendant's Non-Hearing Motion for Reconsideration" and the September 4, 2025 "Order Denying Defendant's Non-Hearing Motion to Vacate Final Judgment Order \\
\\

---

[3]     It is unclear whether Gonsalves was attempting to rely upon HRCP Rule 60(b)(2) (eff. 2006) in her Rule 60(b)(4) Motion, given her reference to "new evidence."  However, her Rule 60(b)(4) Motion does not present any "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."  HRCP Rule 60(b)(2).

Filed October 4, 2021 Per HRCP 60(b)(4)."  Gonsalves' May 28, 2026 Motion for Retention of Oral Argument is denied.


DATED:  Honolulu, Hawaiʻi, June 10, 2026.

On the brief:

Celeste M. Gonsalves,
Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Daniel M. Gluck
Associate Judge