In the Matter of the Lease Cancellation of HILBERT C.K. SMITH, Lot No. 44, Anahola, Kauai, Hawaii

NO. 10745

(S.P NO. 85-0015)

MAY 15, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by a Hawaiian Homes Commission lessee from a judgment entered in the Fifth Circuit granting the petition of the Hawaiian Homes Commission to recover appellant's leasehold and ordering the appellant to vacate the same. Because the court below never had jurisdiction over the appellant, and because the proceedings below denied appellant fundamental due process rights, we reverse and dismiss the proceedings.

Although no evidence was ever adduced in the court below and appellant never had the opportunity, before hearing, to file a responsive pleading, it appears from the documents in the file that the dispute between the parties arose out of the fact that appellant, a Hawaiian Homes Commission lessee, had borrowed $25,000 from the Hawaiian Homes Commission for the purpose of construction of a home upon his leasehold. Appellant was delinquent in his payments under the loan agreement. He claims that he was making those payments into an informal escrow account, rather than to appellees, because deficiencies in the electrical wiring in his home[1] prevented him from obtaining insurance on it, and because the appellees refused to require the contractor to make good the deficiencies.

Because of the non-receipt of appellant's payments on the loan, the Commission entered orders terminating appellant's lease and brought the present proceedings in order to regain possession of the premises. Section 217 of the Hawaiian Homes Commission Act (1 HRS at 175-76) provides as follows:

§ 217. *[Ejectment, when: loan to new lessee for improvements.]*
In case the lessee or borrower or the successor to his interest in the

---

[1]Which had been constructed pursuant to a contract entered into between the Commission and a contractor.

tract, as the case may be, fails to comply with any order issued by the department under the provisions of section 210 or 216 of this title, the department may (1) bring action of ejectment or other appropriate proceedings, or (2) invoke the aid of the circuit court of the State for the judicial circuit in which the tract designated in the department's order is situated. Such court may thereupon order the lessee or his successor to comply with the order of the department. Any failure to obey the order of the court may be punished by it as contempt thereof. Any tract forfeited under the provisions of section 210 or 216 of this title may be again leased by the department as authorized by the provisions of section 207 of this title, except that the value, in the opinion of the department, of all improvements made in respect to such tract by the original lessee or any successor to his interest therein shall constitute a loan by the department to the new lessee. Such loan shall be subject to the provisions of this section and sections 215, except paragraph (1), and 216 to the same extent as loans made by the department from the Hawaiian loan fund.

Purporting to rely upon the above section, the appellees filed in the Fifth Circuit what they called a "Petition for Writ of Assistance" which was treated by the court as a special proceeding. Regardless of how styled and how treated, the suit below was a civil action. HRCP Rule 2. We will treat the petition as a complaint because civil actions are to be commenced by a complaint. HRCP Rule 3.

HRCP Rule 4, entitled "Process" provides in part as follows:

*(a) Summons: Issuance.* Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to a person authorized to serve process. Upon request of the plaintiff separate or additional summons shall issue against any defendants

*(b) Same: Form.* The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. When, under Rule 4(e), service is made pursuant to a statute or rule of court, the summons, or notice, or order in lieu of summons, shall correspond as nearly as may be to that required by the statute or rule.

*(c) Same: By Whom Served.* Service of all process shall be made: (1) anywhere in the State by the sheriff or his deputy or by some other person specially appointed by the court for that purpose; or (2) in any county by the chief of police or his duly authorized subordinate. Subpoena, however, may be served as provided by Rule 45.

*(d) Same: Personal Service.* The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, (A) by delivering a copy of the summons and of the complaint to him personally or in case he cannot be found by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Despite the clear and mandatory provisions of HRCP Rule 4 above quoted, no summons was issued by the clerk of the Fifth Circuit in this case. Instead, a "Notice of Petition for Writ of Assistance" and an "Amended Notice of Hearing on Petition for Writ of Assistance" appear in the file. They were signed only by the attorneys for the appellees, did not bear the signature of the clerk, were not under seal of the court, and in numerous other respects failed to comply with HRCP Rule 4(b).

According to the record, the petition and amended notice were served on the appellant on May 21, 1985. The hearing on the merits was set for and held on June 7, 1985, seventeen days later, despite the fact that HRCP Rule 12(a) provides that a defendant has 20 days after service of summons and complaint to answer '

Appellant moved for a continuance to give him time within which to find a lawyer. This motion was heard on June 6 and, at the behest of the appellees, denied. On June 7, 1985, the "Petition for Writ of Assistance" was heard. However, no evidence was introduced by the appellees, and appellant, who appeared without counsel, was given no opportunity to

---

[2] A different period can be ordered by the court, after service other than by personal service, under HRCP Rule 4(e).

introduce evidence. The total opportunity to contest the case given appellant by the court below consisted of the following:

THE COURT:   Mr. Smith?

MR. SMITH:   Your Honor, I have no counsel, so  –

THE COURT:   You have no statement to make?

MR. SMITH:   I have no counsel.

Tr. hearing 6/7/85 at 3. The court thereupon rendered its oral decision granting the relief prayed for by the appellees. The judgment appealed from followed, and after a motion for reconsideration was denied, this appeal was taken.

Looking through the forms of the papers involved in the transactions between the appellees and the appellant to the real substance,[3] this is an action seeking a strict mortgage foreclosure.[4]

Appellees argue that under the language of § 217 of the Hawaiian Homes Commission Act, they are entitled to obtain writs of assistance from the circuit courts to aid them in enforcing orders made by them for the termination of leases.[5] Writs of assistance were, historically, issued by equity courts to enforce decrees entered by those courts. See 6 Am. Jur. 2d, *Assistance, Writ of* §§ 1-4 at pp. 414-15 (1963).

Under our present practice, writs of assistance are a method of enforcing a judgment of the court directing a specific act. HRCP Rule 70 states in part: "When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk." Such writs issue when the party seeking relief alleges noncompliance with an order of the

---

[3]Compare *Kawauchi v. Tabata*, 49 Haw. 160, 413 P.2d 221 (1966).

[4]Quaere whether a strict foreclosure action lies under our lien theory of mortgages. *Adair v. Kona Corp.*, 51 Haw. 104, 452 P.2d 449 (1969).

[5]It is questionable whether a proceeding under § 217 is appropriate in the circumstances of this case, as the orders terminating appellant's lease do not appear to be orders provided for in §§ 210 and 216 of the Hawaiian Homes Commission Act. Appellant's original lease dispute appears to have arisen out of his contention that appellees' failure to act against the contractor to cause the correction of electrical wiring deficiencies prevented him from obtaining insurance as required by § 216. No order under this section appears to have been made by the Commission. Orders under § 210 issue where there has been a violation of § 208 or 209, neither of which appear applicable here. The case seems to involve § 215(7) instead. However, in the state of this record, we cannot make any determination of what sections are in fact involved.

court. 12 C. Wright & A. Miller, FEDERAL PRACTICE AND PRO-CEDURE, *Civil* § 3021 (1973); *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372 (11th Cir. 1981). Here, there was no prior decree of the court to be complied with, or enforced. Instead this was an original proceeding addressed to the court, not the clerk.

Moreover, we cannot construe § 217 to authorize the seizure of a lessee's property without service of a summons, time to answer, and an opportunity to present evidence and be heard in opposition to the relief requested.

The court below lacked jurisdiction over the person of the appellant because he was never served, in any manner, with proper process, specifically a summons, as required by HRCP 4. In addition, appellant was entitled under HRCP Rule 12 to 20 days from service of a summons on him within which to answer the complaint, which was denied him, despite his requests for a continuance to allow him time within which to obtain counsel. Finally, the "hearing" of June 7, 1985 was no hearing on the matter at all. No evidence was introduced by the appellees, no opportunity was afforded the appellant to introduce evidence, and no responsive pleading had been filed. Nonetheless, the court below entered a judgment, equivalent to a strict mortgage foreclosure decree, depriving appellant of his interest in the lot and home in question. The proceedings below violated appellant's fundamental rights to due process of law under section 5, Article I of the Constitution of the State of Hawaii as well as the Fifth Amendment to the Constitution of the United States of America.

We do not regard appellant's coming into court on June 6, 1985 and asking for time to obtain an attorney, or his appearance the next day at the "hearing", without counsel, as waivers of those fundamental rights.

Because the court below lacked jurisdiction over the person of the appellant, and because it did not afford him due process of law, we do not reach the merits of the leasehold controversy between appellant and appellees, or the procedural issues raised with respect to appellees' various orders with respect to appellant and his lease. Instead, we reverse the judgment below and dismiss the proceedings.[6]

---

[6]Our dismissal does not prevent appellees from filing a new proceeding for appropriate relief, complying with due process and the Hawaii Rules of Civil Procedure.

Reversed and action dismissed.

*Alan T. Murakami* (*Livia Wang* with him on the briefs; *Native Hawaiian Legal Corporation* of counsel) for appellant.

*Haunani Burns* (*George K.K. Kaeo, Jr.* with her on the brief), Deputy Attorneys General, for appellees.