**NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000496
28-MAR-2022
08:34 AM
Dkt. 188 MO**

NO. CAAP-17-0000496

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JAMES B. NUTTER & COMPANY, Plaintiff-Appellee,
v.
ELTON LAKE NAMAHOE, SR., Defendant-Appellant,
and
SECRETARY OF HOUSING AND URBAN DEVELOPMENT,
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
AND DOE GOVERNMENTAL UNITS 1-10,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-0113)

<u>MEMORANDUM OPINION</u>
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Elton Lane Namahoe, Sr. (**Namahoe**)[1]
appeals from the April 5, 2017 Order Denying [Namahoe's Hawaiʻi
Rules of Civil Procedure (**HRCP**) Rule] 60(b) Motion for Relief
From Judgment on Findings of Fact [(**FOFs**)], Conclusions of Law

---

[1]     On November 15, 2020, Namahoe filed a Motion to Substitute a Party
pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(a) & (b)
asking this court to substitute Namahoe and William J. Rosdil, as Co-Trustees
of the [Namahoe] Reverse Mortgage Litigation Trust Agreement, dated October
19, 2020, for Namahoe (**Motion to Substitute**).  On December 8, 2020, Nutter
filed an (untimely) Request for Judicial Notice asking this court to notice
the opposition and joinder to the opposition to Namahoe's parallel Motion to
Substitute Party filed in CAAP-17-324.  The Motion to Substitute is addressed
herein.

[(**COLs**)] and Order Granting Plaintiff's Motion for Summary
Judgment and Decree of Foreclosure Against All Defendants on
Complaint (**Order Denying Rule 60(b) Motion**), and the June 9, 2017
Decision and Order Denying [Namahoe's] HRCP [Rule] 59(a) & (e)
Motion for Amendment/Additional Evidence/Reconsideration of
[Order Denying Rule 60(b) Motion] (**Order Denying Motion for
Reconsideration**), both entered by the Circuit Court of the Third
Circuit (**Circuit Court**).[2]

I.    BACKGROUND

        This appeal stems from foreclosure proceedings
involving a reverse mortgage on a home located on ʻŌpeʻapeʻa Road,
in Kurtistown, in the County of Hawaiʻi (**Property**).  On October
19, 2009, Namahoe executed a promissory note in the maximum
principal amount of $189,000 in favor of James B. Nutter & Co.
(**Nutter**) and its successors and assigns (**Note**), along with a Home
Equity Conversion Loan Agreement (**Loan Agreement**) and an attached
Repair Rider to Loan Agreement (**Repair Rider**).[3]  The exhibits to
the Note indicated that the "principal limit" was $67,536.00,

---

[2]     The Honorable Greg K. Nakamura presided.

[3]     The Repair Rider provided, *inter alia*:

I.    Lender's Promises
      A.    The Lender shall set aside $750.00 from the
            initial Principal Limit under the Loan Agreement
            to be used for the purpose of bringing the
            Property up to the property standards required
            by the Secretary by repairing:
            The hall and carport ceiling shows evidence of water
            stains due to roof leak[.]  The Front stair rail
            showed evidence of water rot.  All to be repaired.

with Namahoe receiving an "advance" of $52,462.48, with a $750.00 "line of credit" designated for repairs, and the balance of the $67,536.00 going to closing costs and servicing fee set asides. The Note was secured by a Home Equity Conversion Mortgage (**Reverse Mortgage**), which was recorded on November 2, 2009, in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi (**Registrar**).

On March 6, 2012, Nutter filed a foreclosure complaint and summons against Namahoe and the United States Secretary of Housing and Urban Development (**HUD**)[4] (**Complaint**), and an accompanying *lis pendens* in the Circuit Court.  The Complaint alleged that Namahoe "defaulted in the observance and performance of the terms, covenants and conditions by failing to repair the property as required by the [Repair Rider] in a timely manner." The Complaint alleged further that Namahoe was given written notice that failure to timely repair per the Repair Rider "required immediate payment in full of all outstanding principal and accrued interest due on the loan," and that Namahoe failed to so pay.  Attached to the Complaint was a copy of the Note, Loan Agreement with attached Repair Rider, and Mortgage.

A Declaration re Attempted Service of Complaint was filed on May 7, 2012, by Civil Process Server Robert A. Estacion (**Estacion**) stating that Estacion attempted thrice to serve the

---

[4]     On June 28, 2012, HUD filed a disclaimer of interest in the Property.

Complaint on Namahoe at the Property, but that Namahoe "could not be located for personal service of the Complaint."

On August 28, 2012, Nutter filed an *Ex Parte* Motion for First Extension of Time to Serve Complaint (**Motion to Extend Service Time**).  Counsel's attached Declaration stated that Nutter sent out Freedom of Information Act (**FOIA**) requests, apparently to the U.S. Postal Service (**Post Office**), for both Namahoe's post office box and the physical address.  The Post Office returned the FOIA request regarding the post office box and provided the physical address.  With respect to the physical address, the FOIA request was returned indicating "[n]o such address," presumably indicating that the Post Office had no records concerning the address.  The Declaration stated further that Nutter "conducted a skip trace on [Namahoe] that returned the property address as his current address," and that Nutter was "attempting to send certified mail to the property address and the post office box." Copies of the FOIA requests/responses and a LexisNexis Accurint report, which counsel apparently referred to as the "skip trace," were attached to the motion.  The court granted the motion, extending the time to serve the Complaint from September 6, 2012, until March 6, 2013.

On November 13, 2012, Estacion filed a Return and Acknowledgment of Service, indicating personal service of the Summons and Complaint on Namahoe on November 9, 2012, at the Property.  The Acknowledgment of Service appears to contain

Namahoe's signature, along with the date and time of "11-9-12 10:00 A.M."

On May 20, 2013, Nutter filed a Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed March 6, 2012 (**Motion for Summary Judgment**).  The motion stated, *inter alia*:

> [Namahoe] defaulted in the observance and performance of the terms, covenants and conditions by failing to repair the property, as required by the [Repair Rider], in a timely manner.  A true and correct copy of the approval by [HUD] for immediate payment in full of all outstanding principal and accrued interest as required by paragraph 7(b)(iii) of the Note is attached hereto. . . .  Written notice was given to [Namahoe] that because of the failure to repair the property as required by the [Repair Rider] in a timely manner [Nutter] required immediate payment in full of all outstanding principal and accrued interest due on the loan. A true and correct copy of this notice with all personal and confidential information redacted is attached hereto . . . .  However, despite said notice the default was not cured and the loan has not been paid off.  Consequently, [Nutter] exercised its option under the terms and covenants of the Note and Mortgage to declare the entire unpaid principal balance of the loan, together with interest immediately due and payable[.]

According to the attached Certificate of Service, the Motion for Summary Judgment and the Notice of Hearing were mailed to Namahoe at the Property.  The Notice of Hearing stated that a hearing would be held at 8:30 a.m. in the Circuit Court's courtroom at 777 Kilauea Avenue, in Hilo; no hearing date was included in the Notice of Hearing, although a date was written on the first page of the Motion for Summary Judgment.  A November 16, 2011 Notice of Intent to Foreclose and an April 6, 2012 debt collection notice, both attached in support of the motion, indicated that they were mailed to Namahoe's post office box in Hilo, rather than the Property address.

On June 25, 2013, a one-minute hearing was held on Nutter's Motion for Summary Judgment, with Nutter's attorney appearing by telephone and no other appearances noted; the motion was granted. On July 2, 2013, the Circuit Court entered the [FOFs, COLs] and Order Granting [Nutter's] Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed March 6, 2012 (**Order Granting Summary Judgment**), as well as a Judgment on the Order Granting Summary Judgment (**Foreclosure Judgment**).

On July 24, 2013, Foreclosure Commissioner Michael W. Moore (**Moore**) filed a Motion for Leave to Waive Open Houses. The attached Declaration states:

> 2. On July 18, 2013, I visited the subject property in Hawaiian Acres. . . . I knocked on the front door, but there was no response. . . . It appeared that someone was residing in the house.
>
> 3. . . . I found Defendant Namahoe's telephone number in the phone book and called. Mr. Namahoe answered. He seemed unaware there was a foreclosure proceeding against him. He said he is 70 years old, has no car, so he can't check his post office box in Hilo where he receives his mail. He told me no one can take his house because he owns it. I explained to him it was my responsibility to sell his property at public auction.
>
> 4. He became quite upset. He said he has nowhere else to live, no family or friends he can stay with. He said his income is only $700 a month, and he can barely afford to buy food. He told me that he would shoot the next person to come to his house so he could go to jail and get fed.
>
> 5. Based on these circumstances, I believe Mr. Namahoe will not cooperate in conducting open houses of the property, and that any person who attempts to enter his home would risk injury, possibly serious injury.

(Emphasis added).

Also on July 24, 2013, Moore mailed a Notice of Hearing to Namahoe's Hilo post office box.  The Circuit Court's October 2, 2013 Order Granting Commissioner's Motion for Leave to Waive Open Houses states that the motion "came on for hearing before this Court on August 29, 2013, with the Commissioner present and [Nutter] having filed a statement of no opposition . . . and no other parties appearing."

The Commissioner's Report on Sale of Property indicates that the property was sold at public auction on November 13, 2013, with the highest bid being presented by Nutter.  The attached Certificate of Service, dated November 25, 2013, contains the following addendum:

> *NOTE:  We do not have a current mailing address for [Namahoe].  His last known mailing address was P.O. Box 4686, HILO HI 96721.  By return mail notice dated 10/4/13, the U.S. Postal Service advised that Mr. Namahoe's post office box has been closed and they are unable to forward his mail.*

On February 11, 2014, the Circuit Court entered an Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Ejectment, along with a corresponding Judgment, Writ of Ejectment, and Notice of Entry (**Confirmation Judgment**).  A Return of Service as to Writ of Ejectment was filed on June 23, 2014, indicating personal service on Namahoe.

On January 3, 2017, Namahoe filed an HRCP Rule 60(b) Motion for Relief from [Foreclosure Judgment] (**Rule 60(b) Motion**).  The motion challenged the substantive basis for the

7

foreclosure, averring that Nutter was not entitled to pursue a reverse mortgage foreclosure based upon failure to timely repair, and further, that Namahoe made the repairs set forth in the Repair Rider but that, although he recalled two separate inspections of the Property by Nutter's agents, neither inspector checked the repairs to the roof and neither indicated there was any problem with the repairs.

The Rule 60(b) Motion and Namahoe's attached Declaration also challenged whether Namahoe had notice of the foreclosure proceedings, stating, *inter alia*:

> 7.   I do not remember the sheriff, [Estacion] handing me the foreclosure Complaint on November 9, 2012. Not [sic] do I recall signing any paper that I received the Complaint.  I would not have understood it anyway.
>
> 8.   My first memory about the foreclosure was a telephone call from an attorney who said he wanted to inspect my house and property because it was his job to sell my house at a foreclosure action.  I was shocked!  I did not know of any foreclosure.  How come no one wrote me, telephoned me, or came to the house.  I was always there because I had no car, very little money and only a few neighbors and relatives.  I had to hitch rides from my house in remote Hawaiian Acres to shop for food and collect my mail at my post office box in Hilo.  I was angry and upset and never heard again from the attorney.

In the Rule 60(b) Motion, Namahoe further argued that Nutter committed fraud and fraud upon the court in pursuing the improper foreclosure, and requested the court take judicial notice of the records and files in separate allegedly improper foreclosure proceedings brought by Nutter against a different defendant (**Domingo Foreclosure**), as well as the records and files

in a separate suit brought by Namahoe and the defendant in the Domingo Foreclosure (**Wrongful Foreclosure Action**).[5]

Nutter opposed the Rule 60(b) Motion, arguing that: (1) it was untimely and Namahoe failed to establish a meritorious claim or defense; (2) Namahoe's fraud allegations were unsupported; (3) the Foreclosure Judgment was not void; (4) Namahoe waived all claims against Nutter related to the foreclosure in exchange for $5,000; and (5) the Property had already been sold to a third party.  Namahoe filed a reply to Nutter's opposition, contesting Nutter's first four arguments.

A hearing on the Rule 60(b) Motion was held on February 28, 2017, wherein the Circuit Court orally denied the motion. The Circuit Court explained its ruling:

> [T]he Court will deny the motion to the extent that the motion proceeds under Rule 60(b)(3), [because] the motion is untimely.  More than one year passed between the time the Judgment was filed on July 2nd, 2013, and the

---

[5]      Pursuant to the parties' various requests herein, we take judicial notice of the court records in these related cases, in accordance with Hawaii Rules of Evidence (**HRE**) Rule 201.
        The Domingo Foreclosure action, [Nutter] v. Faustino Dasalla Domingo [**Domingo**], was initiated in the Circuit Court on April 19, 2012, in Civil No. 12-1-0226.  The Circuit Court proceedings in the Domingo Foreclosure concluded with an August 10, 2015 Amended Judgment Superceding [Judgments], which dismissed Nutter's complaint against Domingo with prejudice and entered a money judgment in favor of Domingo.  Nutter filed an appeal in CAAP-15-0000659; the August 10, 2015 amended judgment against Nutter and in favor of Domingo was affirmed.
        The Wrongful Foreclosure action, [Domingo & Namahoe] v. [Nutter], was initiated in the Circuit Court on July 5, 2016, in Civil No. 16-1-0249. The Circuit Court proceedings in the Wrongful Foreclosure action resulted in various orders which were certified as final pursuant to HRCP Rule 54(b). Appeals were filed by Nutter in CAAP-17-000324 and by Domingo and Namahoe in CAAP-17-0000859; a cross-appeal was filed in CAAP-17-0000859 by Robert M. Ehrhorn, Jr. and Clay Chapman Iwamura Pulice & Nervell (collectively, **Clay Chapman**, the attorneys who represented Nutter in the Domingo Foreclosure, as well as before the Circuit Court in this instant case (*i.e.*, Nutter's foreclosure suit against Namahoe)).  CAAP-17-0000324 and CAAP-17-0000859 were consolidated for decision under CAAP-17-0000324.

filing of the [Rule 60(b) Motion].
        To the extent that proceeding under Rule 60(b)(4), the motion is denied.  If we're talking about the notice issue, Mr. Namahoe did not answer and provide a mailing address. And if you look at the note and mortgage, all notices were to be given by mail to that 16-2218 Opeapea Road in Kurtistown unless Mr. Namahoe designated otherwise.  And there's no indication that he designated another address to the lender.
        Regarding the fraud on the court type theories I'm going to think that that's more properly addressed in Civil number 16-1-249.  I see that case as being that independent action that's mentioned under Rule 60(b).  And my impression is that independent action is not really a 60(b) type motion.
        There's still a fraud on the court type claim for relief by Mr. Namahoe against Clay Chapman.  And Mr. Namahoe would have at least the opportunity to attempt to amend the pleadings in that case to state, let's say, clear claims for relief against Nutter.  So that's what the Court's belief is.

Namahoe's attorney asked if the court's ruling was with prejudice, and the court replied:

        On the (b)(3), (b)(4), I think so.
        But the [fraud on the] court stuff [6] is still out there; right, in your other action.  Cause you still have -- I think Mr. Namahoe still has a claim for relief against Nutter -- not Nutter -- Clay Chapman.  And then you have the opportunity to amend. I'm thinking that you already have that action already, you know, so it's not as if you needed this action to address the [fraud on the] court issue[.]

On April 5, 2017, the Circuit Court entered the Order Denying Rule 60(b) Motion.

On April 13, 2017, Namahoe filed an HRCP Rule 59(a) & (e) Motion for Amendment/Additional Evidence/Reconsideration of [Order Denying Rule 60(b) Motion] (**Motion for Reconsideration**). Namahoe requested formal discovery under HRCP Rule 26, and argued that denial of the Rule 60(b) Motion was an abuse of discretion and contrary to clear and convincing evidence, that

---

[6]    The transcript reads "form of court stuff," but in context, it is clear that the Circuit Court was referring to Namahoe's assertion that there had been a fraud on the court.

reconsideration was warranted on the basis of recently-decided supreme court opinion, <u>Hungate v. Law Office of David B. Rosen</u>, 139 Hawaiʻi 394, 391 P.3d 1 (2017). The Motion for Reconsideration stated further that "[i]f in fact Namahoe was ever personally served on November 9, 2012, it was not legal or effective service since Namahoe was in the medical care of his daughter, Hernel Tisalona, and Bay Clinic, and incapacitated and unable to care for himself when allegedly served on November 9, 2012." Nutter opposed the motion.

On June 9, 2017, the Circuit Court entered the Order Denying Reconsideration, noting that Namahoe "did not file an answer to the Complaint and did not otherwise appear in the action." Citing HRCP Rule 5(a), the court stated that Nutter "was not required to serve [Namahoe] with court filings other than the Complaint." Accordingly, the court concluded that Nutter was not required to serve Namahoe with the Motion for Summary Judgment. On this basis, the court found that Namahoe's production request to obtain evidence showing that Namahoe designated his post office box in Hilo as his mailing address "[did] not serve a useful purpose." Finally, the court stated that <u>Hungate</u> did not provide a basis to alter or amend the Order Denying Rule 60(b) Motion.

Namahoe timely filed a Notice of Appeal.

II.  POINTS OF ERROR

Namahoe raises two points of error on appeal, contending that the Circuit Court:  (1) erred in denying the Rule 60(b) Motion because (a) the Foreclosure Judgment against Namahoe was obtained through fraud, misrepresentation, and misconduct that prevented Namahoe from fully and fairly presenting his case or a defense; (b) the Foreclosure Judgment was void; and (c) fraud on the court was committed by Nutter and/or its attorneys during the foreclosure proceeding; and (2) abused its discretion in denying the Motion for Reconsideration.

III. APPLICABLE STANDARDS OF REVIEW

In general,

> [a] circuit court's decision on an HRCP Rule 60(b) motion is reviewed for abuse of discretion:
>
> > The trial court has a very large measure of discretion in passing upon motions under HRCP Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.
>
> Haw. Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994) (citations omitted).
>
> "The burden of establishing abuse of discretion in denying an HRCP Rule 60(b) motion is on the appellant, and a strong showing is required to establish it."  Ditto v. McCurdy, 103 Hawaiʻi 153, 162, 80 P.3d 974, 983 (2003).

PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (brackets omitted).

Notwithstanding this general rule, "under HRCP Rule 60(b)(4), an order is 'void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of

12

law.'"  In re Haw. Elec. Co., 149 Hawaiʻi 343, 362-63, 489 P.3d 1255, 1274-75 (2021) (quoting Int'l Savings & Loan Ass'n v. Carbonel, 93 Hawaiʻi 464, 473, 5 P.3d 454, 463 (App. 2000)). Accordingly, we review denial of an HRCP Rule 60(b)(4) motion *de novo*.  See id.; Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 139, 254 P.3d 439, 450 (2011) (reviewing analogous family court rule *de novo*).

To be clear, we review denial of relief pursuant to HRCP Rule 60(b)(6), as well as the denial of relief pursuant to HRCP Rule 60(b)(3), under the abuse of discretion standard.  See Godinez, 148 Hawaiʻi at 327, 474 P.3d at 268; Dubie, 125 Hawaiʻi at 139, 146, 254 P.3d at 450, 457; Uyehara, 77 Hawaiʻi at 147, 883 P.2d at 68.

"A motion made pursuant to HRCP Rule 59(e) to alter or amend a judgment is reviewed under the abuse of discretion standard.  An abuse of discretion occurs when the trial court exceeds the bounds of reason of law or practice to the substantial detriment of a party."  Omerod v. Heirs of Kaheananui, 116 Hawaiʻi 239, 273, 172 P.3d 983, 1017 (2007) (citations, quotation marks, and brackets omitted).

IV.  DISCUSSION

   A.   The HRCP Rule 60(b) Motion

        1.   *HRCP Rule 60(b)(3) Relief*

Namahoe challenges the Circuit Court's denial of relief pursuant to HRCP Rule 60(b)(3) on the ground of untimeliness.  As

13

set forth above, at the February 28, 2017 hearing on the Rule 60(b) Motion, the Circuit Court stated, in relevant part:  "[T]he Court will deny the motion to the extent that the motion proceeds under Rule 60(b)(3) [because] the motion is untimely.  More than one year passed between the time the Judgment was filed on July 2nd, 2013, and the filing of the Motion for Relief."  HRCP Rule 60(b) states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . .  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .  This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

Namahoe argued that the "final act of this case" was when Nutter sold the Property to a third party for $70,000 on March 26, 2016, and therefore the January 3, 2017 Rule 60(b) Motion was timely filed under HRCP Rule 60(b)(3).  In support of his request for relief pursuant to HRCP Rule 60(b)(3), however, Namahoe argued that Nutter's fraud, misrepresentation, and misconduct occurred when Nutter sought and obtained foreclosure against Namahoe on impermissible grounds.  Namahoe sought relief from the Foreclosure Judgment itself, which was entered on July 2, 2013, not from the sale of the Property to a third party after the Property's sale to Nutter was confirmed.  See Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371, 390 P.3d 1248, 1258

14

(2017) (stating that judgment of foreclosure is immediately appealable) (citing HRS § 667-51(a)(1)).  Accordingly, we conclude that the Circuit Court did not clearly err in finding that the motion was untimely or abused its discretion when it denied Namahoe relief under HRCP Rule 60(b)(3) based on untimeliness.

   2. *HRCP Rule 60(b)(4) Relief*

   Namahoe challenges the Circuit Court's denial of relief pursuant to HRCP Rule 60(b)(4), which permits a court to grant relief from a judgment that is void.  In the Rule 60(b) Motion, Namahoe argued that the Foreclosure Judgment was void because he was denied due process when Nutter mailed notices and "pleadings" to the Property when Nutter knew there was no mail delivery to the Property's address.  Namahoe's argument on appeal relies on Moore's declaration that Namahoe seemed unaware of the foreclosure proceedings.  Namahoe disregards Estacion's filing of the Return and Acknowledgment of Service, indicating personal service of the Complaint and Summons on Namahoe on November 9, 2012, at the Property.

   It is well settled that "'[i]n the sound interest of finality, the concept of a void judgment must be narrowly restricted.'"  Dubie, 125 Hawaiʻi at 141, 254 P.3d at 452 (quoting Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233, 797 P.2d 1316, 1320 (1990)).  "[A] judgment is void only if the court that rendered it lacked jurisdiction of either

the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." In re Haw. Elec., 149 Hawaiʻi at 362, 489 P.3d at 1274 (citation omitted). Due process, in turn, requires notice reasonably calculated under the circumstances to apprise interested parties of the action and thus afford them an opportunity to defend. See Calasa v. Greenwell, 2 Haw. App. 395, 399, 633 P.2d 553, 556 (1981) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 (1950)).

Here, Namahoe's core argument that the Foreclosure Judgment is void – and therefore he was entitled to relief pursuant to HRCP Rule 60(b)(4) – asserts that he was not properly notified of the foreclosure proceedings and therefore denied due process. We first consider HRCP Rule 4, as Hawaiʻi courts have held that improper service of a complaint and summons is a violation of due process and deprives a court of jurisdiction over a defendant. See In re Lease Cancellation of Smith, 68 Haw. 466, 471, 719 P.2d 397, 401 (1986); Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 196, 268 P.3d 443, 449 (App. 2011). HRCP Rule 4 provides, in relevant part:

> **Rule 4.** **PROCESS.**
>
> **(a) Summons: Issuance.** Upon the filing of the complaint the clerk shall forthwith issue a summons. Plaintiff shall deliver the complaint and summons for service to a person authorized to serve process. Upon request of the plaintiff separate or additional summons shall issue against any defendants.
>
> . . . .
>
> **(d) Same: Personal service.** The summons and complaint shall be served together. The plaintiff shall

furnish the person making service with such copies as are necessary.  Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

. . . .

**(g) Return**.  The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to process.  When service is made by any person specially appointed by the court, that a person shall make affidavit of such service.

It appears from the record that Namahoe was personally served with the Summons and Complaint in accordance with HRCP Rule 4(a) & (d)(1)(A), and the Return and Acknowledgment of Service was filed with the Circuit Court in accordance with HRCP Rule (4)(g).

As set forth in HRS § 634-22 (2016), the return of service by an authorized process server constitutes *prima facie* evidence of the events therein contained.[7]  See also Tropic Builders, Ltd. v. Naval Ammunition Depot Lualualei Quarters, Inc., 48 Haw. 306, 313, 402 P.2d 440, 445 (1965) (construing predecessor statute).  While a party is entitled to challenge such a *prima facie* showing of service of process, see id., the

---

[7]    The statute lists "any officer of the court or of the police force or the sheriff, a deputy sheriff, an independent civil process server from the department of public safety's list under section 353C-11, or any investigator appointed and commissioned by the director of commerce and consumer affairs pursuant to section 26-9(j)[.]"  HRS § 634-22; see also HRS § 634-21 (2016) (entitled "Service of process, by whom").

17

statute provides that "no further proof thereof shall be required unless either party desires to examine the sheriff, deputy sheriff, police officer, independent civil process server, or investigator making service, in which case the sheriff, deputy sheriff, police officer, independent civil process server or investigator shall be notified to appear for examination."  HRS § 634-22; see also SEC v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1163 (9th Cir. 2007) (holding "a signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence"); Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955) ("The rule is settled that the officer's return upon the summons imports verity which can be overcome only by strong and convincing evidence."); 4B Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 1130 (4th ed. 2015) ("return of service of the summons and the complaint is strong evidence of the facts stated therein").

Here, the Return and Acknowledgment of Service filed by Estacion[8] constitutes *prima facie* evidence that Namahoe was served and provided notice of the foreclosure proceedings.  See HRS § 634-22; Tropic Builders, 48 Haw. at 313, 402 P.2d at 445. To wit, the document avers that Namahoe was personally served with the Complaint, attached Exhibits, Foreclosure Mediation

_____

[8]    Namahoe does not contest that Estacion is an authorized process server within the meaning of HRS §§ 634-21 & 634-22.  Estacion's filings indicate that he is a "civil process server authorized to serve process in the County of Hawaii" and a "Sheriff/Police officer of the State of Hawaii."

Notice, Foreclosure Mediation Request, and Summons at the Property at 10:00 AM on November 9, 2012, and contains signatures of both Estacion and Namahoe.

Neither Namahoe nor Estacion testified at the hearing on the Rule 60(b) Motion, and at no point did Namahoe request to examine Estacion per HRS § 634-22.  While Namahoe's Declaration appended to the Rule 60(b) Motion stated that he did not remember being served with the Complaint or signing the Acknowledgment of Service, the only other evidence offered in support of Namahoe's argument regarding service of the Complaint and Summons was the Commissioner's statement in his Declaration concerning the Motion for Leave to Waive Open Houses that Namahoe "seemed unaware there was a foreclosure proceeding against him."  These statements, without more, do not suffice to negate the substantial evidence that Namahoe was served and signed the Return and Acknowledgment of Service in the manner and at the date and time therein stated.[9]

In addition, Namahoe's principal assertion in the Rule 60(b) Motion was that Nutter's mailing of notices and documents to him at the Property in the course of the foreclosure proceedings deprived him of notice that he was in effect being defaulted.  As Namahoe points out, at least by the time that Namahoe was served, Nutter was well aware that Namahoe's post

---

[9]      We note that the complaint filed on behalf of Namahoe in the Domingo-Namahoe Lawsuit states:  "The record reflects NAMAHOE was served and failed to file an answer or to make an appearance."

office box was the only mailing address recognized by the Post Office, and that the Property was not a recognized mailing address, as Nutter had relied in part on those facts when seeking more time to serve Namahoe with the Complaint and Summons. However, as alluded to by the Circuit Court, HRCP Rule 5, governing Service and Filing of Pleadings and Other Papers *subsequent to the original complaint*, provides that "<u>no service need be made on parties in default for failure to appear</u>, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 of these Rules." HRCP Rule 5(a) (emphasis added). The Circuit Court stated, regarding "the notice issue, Mr. Namahoe did not answer and provide a mailing address." Even after Namahoe was contacted by Moore regarding the sale of the Property, and Moore's Notice of Hearing was mailed to Namahoe's post office box, Namahoe did not appear before the Circuit Court, assert that he was not properly served with the Complaint and Summons, or otherwise seek relief from the court.

Under the circumstances here, we conclude that the Circuit Court did not err in denying Namahoe relief pursuant to HRCP Rule 60(b)(4).

3. *HRCP Rule 60(b)(6) and/or Other Relief*

Namahoe contends that, additionally and/or alternatively, the Circuit Court abused its discretion when it

20

denied him relief under HRCP Rule 60(b)(6).  Summarily stated, Namahoe argues that such relief was warranted by the alleged fraud on the court committed by Nutter and/or Clay Chapman when they prosecuted the foreclosure claim herein against Namahoe based on the same impermissible "repair-rider" grounds underlying the foreclosure against Domingo in the Domingo Foreclosure.

The Hawaiʻi Supreme Court has recognized competing policy considerations generally favoring the finality of judgments, but nevertheless permitting parties to seek relief when a judgment has been procured through fraud.  See In Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawaiʻi 149, 157-58, 73 P.3d 687, 695-96 (2003).  The court explained that "a judgment or final order should reflect the true merits of the case."  Id. at 157, 73 P.3d at 695.  In Matsuura, the supreme court reiterated that the one-year limitation applicable to, *inter alia*, HRCP Rule 60(b)(3) is not applicable when the fraud was committed on the court.  Id. at 158, 73 P.3d at 696.

Fraud on the court applies only in "very unusual cases" and must rise above the ordinary species of fraud and misrepresentation.  See, e.g., Dubie, 125 Hawaiʻi at 144-46, 254 P.3d at 455-57; Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 431, 32 P.3d 52, 75 (2001)).  In Dubie, the supreme court summarized the bounds of fraud-on-the-court relief pursuant to Rule 60(b)(6):

> This court has noted that, "[s]ince the remedy for fraud on the court is far reaching, it only applies to very

21

> unusual cases involving 'far more than an injury to a single litigant[,]' but rather, a 'corruption of the judicial process itself.'"  Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 431 n.42, 32 P.3d 52, 75 n.42 (2001) (citation omitted) (some brackets in original); see also Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawaiʻi 149, 171, 73 P.3d 687, 709 (2003) (Acoba, J., concurring and dissenting) ("fraud on the court is not fraud on a party"). It is generally accepted that fraudulent conduct such as perjury or non-disclosure by a party, standing alone, is insufficient to make out a claim for fraud on the court. See, e.g., Gleason v. Jandrucko, 860 F.2d 556, 559–60 (2d Cir. 1988) ("[N]either perjury nor nondisclosure, by itself, amounts to anything more than fraud involving a single litigant."); Lockwood v. Bowles, 46 F.R.D. 625, 632–34 (D.D.C. 1969) ("[W]here the court or its officers are not involved, there is no fraud upon the court within the meaning of [FRCP] Rule 60(b)."); see also 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.21 [4][c] (3d ed. 2010) ("Fraud on the court may not be established simply by showing some misconduct by one of the parties to the suit . . . .  If fraud on the court were to be given a broad
interpretation that encompassed fraudulent misconduct between the parties, a judgment would always remain subject to challenge, and the one-year time limitation applicable to motions based on Rule 60(b)(3) would be meaningless.") (footnotes omitted).

> > . . . .
> >       Not any fraud connected with the presentation of a case amounts to fraud on the court.  It must be a "direct assault on the integrity of the judicial process."  . . .

> Schefke, 96 Hawaiʻi at 431, 32 P.3d at 75 (citations omitted)[.]

Dubie, 125 Hawaiʻi at 144-45, 254 P.3d at 455-56.

In Matsuura, the supreme court recognized the HRCP Rule 60(b) provision permitting a separate action based upon a fraud upon a court:  "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."  HRCP Rule 60(b); see Matsuura, 102 Hawaiʻi at 158, 73 P.3d at 696.  The court discussed the various means available to compensate parties for litigation misconduct and concluded that "[a]lthough both civil contempt and HRCP Rule 60(b) provide remedies to a party aggrieved by litigation

22

misconduct, we believe that the existence of these remedies does not oblige us to limit victims of fraud solely to these established remedies, given the nature and effect of fraud."  Id. at 160, 73 P.3d at 698.  The court ultimately concluded that, notwithstanding the burdens and protracted nature of collateral proceedings, in certain circumstances, those factors may be outweighed by, *inter alia*, the objective of uncovering the truth, the preference for judgments on the merits, and the court's duty to discourage abusive litigation practices.  Id. at 162, 73 P.3d at 700.

Here, the Circuit Court was fully apprised of the nature of Namahoe's contentions that, in more than one instance, Nutter and/or its attorneys proceeded to foreclose on the home of an elderly reverse mortgagor based on an alleged failure to complete arguably minor repairs, without a legal or factual basis for doing so.[10]  However, by the time Namahoe filed the Rule 60(b) Motion, the foreclosure proceedings were final and unappealable, Namahoe had been ejected from his home, and the Property had been purchased by Nutter and sold to a third party. Under these circumstances, without addressing the merits of Namahoe's fraud-on-the-court claim, the Circuit Court determined:

> Regarding the fraud on the court type theories I'm going to think that that's more properly addressed in Civil number 16-1-249.  I see that case as being that independent

---

[10]    In this case, although there is no declaration or other evidence in the record of the particular repairs Namahoe allegedly failed to complete, the sum total of the repairs specified in the Repair Rider was estimated to cost $750 (fully fundable by moneys set aside by Nutter).

> action that's mentioned under Rule 60(b). And my impression is that independent action is not really a 60(b) type motion.
>
> There's still a fraud on the court type claim for relief by Mr. Namahoe against Clay Chapman. And Mr. Namahoe would have at least the opportunity to attempt to amend the pleadings in that case to state, let's say, clear claims for relief against Nutter.

The Circuit Court exercised its discretion and denied relief under HRCP Rule 60(b) without prejudice to Namahoe seeking appropriate relief in the separate action that had already been filed, *i.e.*, the Wrongful Foreclosure Action. We conclude that the Circuit Court did not abuse its discretion when it denied Namahoe relief under HRCP Rule 60(b)(6) on this basis.

B.   Namahoe's Motion for Reconsideration

Namahoe contends that the Circuit Court abused its discretion in denying his Motion for Reconsideration because he provided new evidence that Nutter knowingly failed to give Namahoe proper notice during the foreclosure proceedings and further because a supreme court decision published during the post-judgment proceedings supported reconsideration.

"The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992). "Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Sousaris v. Miller, 92 Hawaiʻi 505, 513,

24

993 P.2d 539, 547 (2000).  A party seeking reconsideration based on newly discovered evidence must establish that the evidence meets the following requirements:  "(1) *it must be previously undiscovered even though due diligence was exercised*; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness."  Kawamata Farms, Inc. v. United Agri Products, 86 Hawaiʻi 214, 259, 948 P.2d 1055, 1100 (1997) (emphasis in original) (citations omitted).

The record reveals that many of Namahoe's arguments on reconsideration concerning proper notice were previously made in conjunction with the Rule 60(b) Motion and there is no cogent argument as to why the "new" evidence and arguments concerning proper notice could not have been presented earlier.  Thus, we conclude that the Circuit Court did not abuse its discretion in denying the Motion for Reconsideration on this ground.

Namahoe further argues that the Circuit Court abused its discretion in denying reconsideration of the Order Denying Rule 60(b) Motion based on the supreme court's decision in Hungate, which was published the day before the hearing on the Rule 60(b) Motion.  Namahoe argues that Hungate:  (1) raised the issue of notice in foreclosure cases effectively to the level of due process; (2) was instructive in its discussion concerning whether a mortgagee's attorney can be held liable for the failure

to comply with statutory requirements; and (3) effectively contravened the Circuit Court's decision to deny Namahoe relief under HRCP Rule 60(b)(3) on the basis of timeliness.

As discussed above in conjunction with our analysis of Namahoe's request for relief pursuant to HRCP Rule 60(b)(4), Namahoe was personally served with, *inter alia*, the Summons and Complaint and thereafter failed to appear before the Circuit Court.  We have rejected Namahoe's argument that notice of this foreclosure action was so infirm that it was inconsistent with due process and rendered the Foreclosure Judgment void.  Hungate is distinguishable.  Hungate involved an action for wrongful foreclosure based on the failure to comply with statutory and contractual (power of sale) requirements applicable to a notice of sale (and subsequent notices regarding the postponement of the sale) in the non-judicial foreclosure at issue in that case, rather than an HRCP Rule 60(b) motion seeking to void a judgment in a judicial foreclosure proceeding.  See Hungate, 139 Hawaiʻi at 5-6, 9-10, 391 P.3d at 398-99, 402-03.  Hungate simply does not address, directly or indirectly, the relief requested herein pursuant to HRCP Rule 60(b)(4).

Namahoe's second argument regarding the potential liability of a mortgagee's attorney is equally misplaced in this case.  There is no issue raised herein concerning potential claims against Nutter's attorneys, Clay Chapman.

Finally, we reject Namahoe's argument that <u>Hungate</u> "effectively contravenes" the Circuit Court's decision to deny relief pursuant to HRCP Rule 60(b)(3) on the basis of timeliness. Here, we have concluded that the Circuit Court properly determined that HRCP Rule 60(b)(3) relief was unavailable because the Rule 60(b) Motion was filed well after the one-year limit; and the Circuit Court did not preclude Namahoe from seeking relief in the Wrongful Foreclosure Action, which is more akin to the suit before the supreme court in <u>Hungate</u>. <u>Hungate</u> did not involve a request for relief pursuant to HRCP Rule 60(b)(3).

We conclude that the Circuit Court did not abuse its discretion in entering the Order Denying Motion for Reconsideration.

V.   <u>CONCLUSION</u>

For these reasons, we affirm:  (1) the Circuit Court's April 5, 2017 Order Denying Rule 60(b) Motion; and (2) the Circuit Court's June 9, 2017 Order Denying Motion for Reconsideration.  All motions pending before the court in this

appeal, including the Motion to Substitute, are dismissed as moot.

DATED: Honolulu, Hawaiʻi, March 28, 2022.

On the briefs:

Rebecca A. Copeland, LLC,
for Defendant-Appellant.

David J. Minkin,
Jesse J.T. Smith,
(McCorriston Miller Mukai
 MacKinnon LLP),
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge