**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000518
25-NOV-2024
08:06 AM
Dkt. 182 SO**

NO. CAAP-20-0000518


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ALEXANDER Y. MARN, Plaintiff-Appellant, and
ERIC Y. MARN, Plaintiff-Appellee, v. JAMES K.M. DUNN,
Individually and as Co-Personal Representative of
the Estate of Annabelle Y. Dunn and as Co-Trustee
of the Annabelle Y. Dunn Trust, Defendant-Appellee,
and JAMES Y. MARN, JR., STEPHEN MARN, as
Co-Personal Representative of the Estate of Annabelle Y. Dunn,
and as Co-Trustee of the Annabelle Y. Dunn Trust,
ALA WAI INVESTMENTS, Defendants-Appellees, and
JOHN and MARY DOES 1-10, in their Individual and Fiduciary
Capacities, DOE CORPORATIONS, DOE PARTNERSHIPS,
DOE LIMITED LIABILITIES COMPANIES, GOVERNMENTAL AGENCIES
and OTHER ENTITIES 1-10, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC980004706)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Self-represented Plaintiff-Appellant **Alexander** Y. Marn

appeals from the Circuit Court of the First Circuit's July 21,

2020 "Order Denying Plaintiff Alexander Y. Marn as Trustee of

the Revocable Living Trust Agreement of Alexander Y. Marn and

Alexander Y. Marn, an Individual's Motion (1) For Relief From Final Judgment Entered on November 5, 2018, and (2) Per HRCP Rule 70, to Enforce Final Judgment Based on Jury Verdict Dated June 28, 2018" (**July 21, 2020 Order Denying Relief**).[1]

In the underlying proceedings, the parties agreed the jury would decide Alexander's[2] declaratory judgment claim, and the circuit court would decide the specific performance claim.

For the declaratory judgment claim, the jury returned a verdict finding Defendant-Appellee, James K.M. Dunn, as Successor Trustee of the **Annabelle** Y. Dunn Trust Dated June 18, 1991 (collectively, the **Trust**) was obligated to sell the Trust's interest in the family business to Alexander (**June 28, 2018 Jury Verdict**).

The circuit court then entered its "Findings of Fact, Conclusions of Law, and Order Denying Plaintiffs' Request for Specific Performance" (**September 12, 2018 Specific Performance Order**). The circuit court denied Alexander's specific performance claim, which sought to order the sale of the Trust's interest to Alexander. It determined Alexander and his co-

---

[1] The Honorable James H. Ashford presided.

[2] Alexander and his brother Eric Y. Marn initiated the underlying case in circuit court.

2

plaintiff(s)[3] "failed to prove the purchase price of Annabelle's shares," "failed to pay or tender payment of the purchase price as required by the Transfer Restriction Agreement," and "failed to prove that they were ready, willing and able to purchase" the shares.

On November 5, 2018, the circuit court entered its Final Judgment in favor of the Trust as to Alexander's specific performance claim, and in favor of Alexander as to his declaratory judgment claim (**November 5, 2018 Final Judgment**). Alexander did not appeal the November 5, 2018 Final Judgment.

Nineteen months later, on June 4, 2020, Alexander as an individual and in his capacity as trustee of his revocable living trust, filed the "Motion (1) For Relief From Final Judgment Entered on November 5, 2018, and (2) Per HRCP Rule 70, to Enforce Final Judgment Based on Jury Verdict Dated June 28, 2018" (**June 4, 2020 Motion for Relief**), arguing the final judgment was void for lack of due process under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(4), and requesting transfer of the Trust's interests to Alexander under HRCP Rule 70. The circuit court denied the June 4, 2020 Motion for Relief in its July 21, 2020 Order Denying Relief.

---

[3] When the circuit court entered its September 12, 2018 Specific Performance Order, the case caption listed the plaintiffs as "Alexander Y. Marn and Ernestine L. Marn, as Co-Trustees of the Revocable Living Trust Agreement of Alexander Y. Marn, and Alexander Y. Marn, an Individual[.]"

3

In his points of error (**POE**), Alexander challenges (1) the November 5, 2018 Final Judgment as void for lack of due process (POE 1-3), (2) the determination that the June 4, 2020 Motion for Relief was untimely (POE 4), and (3) the determination that HRCP Rule 70 was inapplicable (POE 5).[4]

---

[4] Alexander's five POE are as follows:

(1) The circuit court's "ruling upholding the [November 5, 2018 Final Judgment] is erroneous as a matter of law and void because the Final Judgment is inconsistent with and cannot nullify the Jury Verdict that granted [Alexander] separate, complete legal relief in the form of a declaration obligating Dunn to sell Annabelle's Trust's shares to [Alexander]";

(2) The circuit court's "ruling upholding the Final Judgment is wrong as a matter of law" and violates "*Lee v. Aiu*, 85 Hawaiʻi 19, 936 P.2d 655 (1997) . . . which requires the Jury Verdict finding Dunn 'is obligated to sell Annabelle's Trust interest' to [Alexander] be given precedence over the trial court's subsequent ruling that [Alexander] was not entitled to specific performance," and it "deprived [Alexander] of due process and is void";

(3) The circuit court "nullified the jury's verdict and thus deprived [Alexander] of his right to a jury trial and is inconsistent with . . . *In re Marn Family Litig.*, 141 Hawaiʻi 1, 403 P.3d 621 (2016) . . . and thus constituted a grave legal error depriving [Alexander] of due process of law";

(4) The circuit court's "ruling that [Alexander]'s motion for relief pursuant to Rule 60 of the Hawaiʻi Rules of Civil Procedure . . . was not filed within a reasonable time is wrong as a matter of law pursuant to the plain language of the rule and controlling case law"; and

(5) The circuit court's "ruling that [Alexander] is not entitled to relief under Rules 54, 60, and 70 of the HRCP is wrong as a matter of law given [Alexander]'s statutory rights under Hawaiʻi Revised Statutes § 632-1 and his constitutional due process protections."

As to POE 5, Alexander provides no argument to support his claim that he was entitled to relief under HRCP Rule 54 as a matter of law and, thus, this claim is waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as follows, and affirm.

**(1)** First, Alexander contends the November 5, 2018 Final Judgment is void for lack of due process (POE 1-3).

HRCP Rule 60(b)(4) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" because "the judgment is void," and a motion under HRCP Rule 60(b) "does not affect the finality of a judgment or suspend its operation."

"*The determination of whether a judgment is void is not a discretionary issue.*" Int'l Sav. & Loan Ass'n, Ltd. v. Carbonel, 93 Hawaiʻi 464, 473, 5 P.3d 454, 463 (App. 2000) (citation omitted).

"[U]nder HRCP Rule 60(b)(4), an order is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023) (citation and internal quotation marks omitted). Due process requires notice reasonably calculated under the circumstances to apprise interested parties of the action and afford them an opportunity

to defend.  See Calasa v. Greenwell, 2 Haw. App. 395, 399, 633

P.2d 553, 556 (1981).  "It is the denial of opportunity to

defend which renders a judgment void."  Stafford v. Dickison, 46

Haw. 52, 59, 374 P.2d 665, 670 (1962).  "For mere procedural

error that does not deprive a party of notice or opportunity to

be heard, a remedy must be timely sought."  Id.

"[A] motion under [HRCP] Rule 60(b) is not a

substitute for a timely appeal from the original judgment."  Id.

at 57 n.4, 374 P.2d at 669 n.4.

Here, all parties consented to the circuit court

ruling on the specific performance claim.  The September 12,

2018 Specific Performance Order, expressly stated:

> At the conclusion of the presentation of trial
> evidence, Plaintiffs' Claim for Declaratory Relief was
> presented to the jury.  By agreement of the parties and the
> Court, Plaintiffs' claim for Specific Performance was left
> for resolution by the Court.  The jury rendered a verdict
> in favor of Plaintiffs with respect to Plaintiffs' Claim
> for Declaratory Relief.  Upon receiving the jury's verdict,
> the parties requested the opportunity to file initial and
> responsive briefs concerning Plaintiffs' Claim for Specific
> Performance.

(Emphasis added.)

At a hearing on June 27, 2018, in response to the

circuit court's inquiry as to whether the process agreed upon

may cause "any unfair prejudice to your clients[,]" Alexander's

counsel stated, "No, Your Honor."

In addition, the record shows Alexander was

represented by counsel in all pertinent proceedings before the

6

circuit court, and Alexander was given notice and a full and fair opportunity to be heard through written filings and oral argument. Alexander submitted briefing on the specific performance claim, the circuit court held a hearing where Alexander and counsel for all parties were present, and Alexander submitted proposed findings of fact and conclusions of law, and filed his objections to the Trust's submission(s).

On this record, the November 5, 2018 Final Judgment is not void for lack of due process. See Isemoto Contracting Co. v. Andrade, 1 Haw. App. 202, 203, 206, 616 P.2d 1022, 1024, 1026 (1980) (affirming denial of a HRCP Rule 60(b)(4) motion and concluding "[t]here is no showing that the court acted in an arbitrary or improper manner so as to deny [defendant] due process" where defendant "had ample opportunity to defend himself" in a bench trial on the merits and "had ample opportunity . . . to object to the improprieties that had occurred but failed to do so").

Beyond the relevant question of notice and opportunity to be heard, Alexander's opening brief asserts "due process" arguments raising various legal and evidentiary errors that improperly challenge the merits of the November 5, 2018 Final Judgment. However, the June 4, 2020 Motion for Relief and HRCP Rule 60(b)(4) are "not a substitute for a timely appeal" of the

7

circuit court's disposition of the specific performance claim. See Stafford, 46 Haw. at 57 n.4, 374 P.2d at 669 n.4.

**(2)** Next, Alexander contends the circuit court erred in ruling the June 4, 2020 Motion for Relief was untimely (POE 4).

Although HRCP Rule 60(b) provides a motion "shall be made within a reasonable time," the Hawaiʻi Supreme Court has noted "[a] motion brought under subsection (4) may be brought regardless of how much time has passed between entry of judgment and filing the motion." In re Hawaiian Elec. Co., 149 Hawaiʻi 343, 362, 489 P.3d 1255, 1274 (2021) (citation and internal quotation marks omitted).

After orally ruling that Alexander was afforded due process, the circuit court noted "to the extent the issue might be relevant" the June 4, 2020 Motion for Relief "was not brought within a reasonable time" but explained "this is not essential to my holding . . . ."

The transcript indicates this was not the primary grounds for the July 21, 2020 Order Denying Relief and, thus, any error in evaluating timeliness does not require vacating the November 5, 2018 Final Judgment.

**(3)** Finally, Alexander contends he was entitled to relief under HRCP Rule 70 as a matter of law.

HRCP Rule 70 provides that "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done . . . ." And, "[w]hen any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk." Id.

"[W]rits of assistance are a method of enforcing a judgment of the court directing a specific act" and writs under HRCP Rule 70 "issue when the party seeking relief alleges noncompliance with an order of the court." In re Lease Cancellation of Smith, 68 Haw. 466, 470–71, 719 P.2d 397, 401 (1986). However, a writ of assistance is improper if "there was no prior decree of the court to be complied with, or enforced." Id. at 471, 719 P.2d at 401.

In this case, the November 5, 2018 Final Judgment did not transfer title to any property. Instead, it (1) entered final judgement in favor of the Trust as to the specific performance claim, (2) entered final judgement in favor of Alexander as to the declaratory judgment claim, and (3) ruled, as Alexander "sought no remedy other than specific performance, no further remedy is awarded to" Alexander.

Thus, the circuit court correctly denied the June 4, 2020 Motion for Relief because HRCP Rule 70 applies when a party fails to comply with a "judgment [that] directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act[,]" and a HRCP Rule 70 writ of assistance is improper because "there was no prior decree of the court to be complied with, or enforced." HRCP Rule 70; Smith, 68 Haw. at 471, 719 P.2d at 401.

Based on the foregoing, the July 21, 2020 Order Denying Relief is affirmed.

DATED:  Honolulu, Hawaiʻi, November 25, 2024.

On the briefs:

Alexander Y. Marn,
Plaintiff-Appellant, pro se.

Steven Guttman,
Darien Chow,
(Kessner Umebayashi Bain &
Matsunaga),
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge